Docket No. 82866–Agenda 5–January 1998.

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. JOSEPH WRIGHT, Appellee.

Opinion filed June 18, 1998.

JUSTICE NICKELS delivered the opinion of the court:

We here again address the constitutionality of a section of the “no-knock” statute (725 ILCS 5/108–8(b) (West 1994)). In 
People v. Krueger
, 175 Ill. 2d 60 (1996), we held that section 108–8(b)(2) of the Code of Criminal Procedure of 1963 violated constitutional guarantees against unreasonable searches and seizures. In the instant appeal, we similarly find that section 108–8(b)(1) also fails to meet constitutional standards.

BACKGROUND

On May 21, 1996, an officer from the Elgin police department presented a complaint for search warrant in the Kane County circuit court. The complaint sought a warrant for the search of defendant, Joseph Wright, and his residence. In an affidavit filed along with the complaint, the officer stated that he obtained information from a confidential source that defendant was a gang member who was in possession of approximately 10 grams of rock cocaine and several handguns. The affidavit further requested a “no-knock” warrant for the safety of the executing officers, “being that there are firearms in the residence, which are easily accessible within seconds.”

Judge Halleck issued a warrant for the search. In the warrant, Judge Halleck found sufficient exigent circumstances to justify allowing the officers to execute the warrant without first knocking and announcing their office. The warrant did not specify what exigent circumstances the court relied upon in issuing the no-knock warrant. Elgin police officers executed the warrant in the early morning. Evidence was allegedly discovered during the search and defendant was indicted in the circuit court of Kane County and charged with armed violence and various drug and weapons offenses.

Defendant moved to quash the warrant and suppress the evidence recovered during the search. In the motion, defendant relied upon this court's recent case of 
People v. Krueger
, 175 Ill. 2d 60 (1996). In 
Krueger
, this court held that section 108–8(b)(2) of the no-knock statute was unconstitutional because it authorized no-knock entries by police based solely on an occupant's prior possession of firearms, without any evidence that the occupants are likely to use the weapons against the police. 
Krueger
, 175 Ill. 2d at 68-69.

A hearing was held on defendant's motion. At the hearing, the State and the defendant entered into a stipulation that the warrant was executed on May 21, 1996, at 1:06 a.m., without first knocking and announcing. The State then presented the testimony of the officer who secured the warrant. The officer testified that his confidential source observed two firearms and cocaine at defendant's residence. The firearms were reportedly in plain view, easily accessible, and had been handled by the defendant. The officer further testified that the confidential source advised that defendant was a gang member.

The officer also testified concerning information he gathered while doing surveillance on defendant's residence. The officer testified that he observed known gang members entering and leaving the premises in the week prior to the search. Several of these gang members were under investigation for shootings in the area, and one had been convicted of aggravated discharge of a firearm. The officer further testified that, at the time of the surveillance and search, friction existed between several of the area gangs, resulting in some shootings.

The officer was qualified as an expert on gang activity and allowed to give certain opinion testimony. The officer testified that drug dealers keep firearms as a means to protect themselves from other drug dealers and rival gang members. It was the officer's opinion that drugs and firearms are a dangerous mix, and he noted that some officers had been shot during the execution of search warrants where guns and drugs were present. The officer also opined that defendant was likely a high-ranking gang member and therefore a greater target for violence. The officer believed this fact would make it more likely that defendant would greet the search with violence. The officer concluded that these facts placed the officers executing the warrant in danger.

After hearing argument, the trial court granted defendant's motion to quash the warrant. In its ruling, the trial court noted that it was unclear on what statutory basis the warrant was issued. The judge may have issued the warrant pursuant to section 108–8(b)(1), which authorized no-knock entries where firearms 
are accessible
 to any occupant. In the alternative, the trial judge may have issued the no-knock warrant pursuant to section 108–8(b)(2), which authorized no-knock entries by police based on an occupant's 
prior possession
 of firearms.

The trial court then noted that section 108–8(b)(2) had been held unconstitutional in 
Krueger
, because it authorized no-knock entries by police based solely on an occupant's prior possession of firearms, without any showing that the occupants are likely to use the weapons against the police. 
Krueger
, 175 Ill. 2d at 68-69. The court further reasoned that section 108–8(b)(1) was indistinguishable from section 108–8(b)(2), in that it similarly did not require any showing that the weapons were likely to be used to resist the search. Thus, the trial court held that section 108–8(b)(1) was also unconstitutional.

The trial court then determined whether, absent the statutory authorization, the officers had a reasonable belief that valid exigent circumstances justified a no-knock entry. After reviewing the facts presented, the court held that the State failed to show any exigent circumstances that would justify a no-knock entry. Therefore, the trial court quashed the warrant and suppressed the evidence recovered during the search of defendant's residence. The State appealed directly to this court. See 134 Ill. 2d R. 603; 145 Ill. 2d R. 604(a).

ANALYSIS

A circuit court's ruling on a motion to quash arrest and suppress evidence generally involves the determination of facts and an assessment of the credibility of witnesses. A ruling premised on these determinations is subject to reversal on appeal only where manifestly erroneous. 
People v. Saechao
, 129 Ill. 2d 522, 534 (1989). The instant appeal involves only a pure questions of law and our review is therefore 
de novo
. 
Krueger
, 175 Ill. 2d at 64.

The fourth amendment, applicable to the states as a principle of due process through the fourteenth amendment, protects “[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures.” U.S. Const., amend. IV. Section 6 of article I of the Illinois Constitution of 1970 similarly guarantees that the “people shall have the right to be secure in their persons, houses, papers and other possessions against unreasonable searches [and] seizures.” Ill. Const. 1970, art. I, §6. The underlying charge of both provisions is that governmental searches shall be reasonable. 
Krueger
, 175 Ill. 2d at 65.

In 
Wilson v. Arkansas
, 514 U.S. 927, 131 L. Ed. 2d 976, 115 S. Ct. 1914 (1995), the United States Supreme Court held that the reasonableness inquiry required by the fourth amendment includes whether the police knock and announce their office prior to gaining entry pursuant to a search warrant. The Court found that the failure of the police to knock and announce their office prior to executing a warrant is presumptively unreasonable. However, the Court recognized that an announcement is not constitutionally required in every case and certain circumstances may justify an unannounced entry. The Court declined to catalogue all such exigent circumstances, but noted that an unannounced entry may be reasonable where officers have reason to believe there exists a threat of violence or that evidence would likely be destroyed upon an announced entry.

At issue in the present case are sections 108–8(b)(1) and (b)(2) of the Code of Criminal Procedure of 1963 (725 ILCS 5/108–8(b)(1), (b)(2) (West 1994)). These provisions purport to set forth exigent circumstances, which if found by a judge, allow for a warrant to be executed without first knocking and announcing:

“(b) Upon a finding by the judge issuing the warrant that any of the following exigent circumstances exist, the judge may order the person executing the warrant to make entry without first knocking and announcing his office:

(1) the presence of firearms or explosives in the building in an area where they are accessible to any occupant;

(2) the prior possession of firearms by an occupant of the building within a reasonable period of time.” 725 ILCS 5/108–8(b)(1), (b)(2) (West 1994).

We agree with the trial judge that it is unclear from the record on which statutory basis the no-knock warrant was issued. We further agree with the trial judge that both sections suffer from the same constitutional infirmity.

We have previously examined the reasonableness of a no-knock entry based on an occupant's possession of firearms and drugs. In 
People v. Condon
, 148 Ill. 2d 96 (1992), this court examined whether a valid exigency justified the unannounced use by police of a battering ram to enter the residence of two armed drug suspects. The police obtained a warrant after a police informant attested that he purchased cocaine at the residence and there observed several weapons, a police scanner, and a closed circuit television system. This court held that no valid exigent circumstance obtained from the mere presence of firearms used to protect drugs. Instead, this court noted that the police must show a reasonable belief that the weapons would be used against them if they proceed with the ordinary announcements. The court justified its conclusion:

“Indeed, the need for compliance with the knock-and-announce rule would seem to be even greater where the police know there are weapons present, but the persons involved are not known to have a propensity to use weapons. Any citizen in the privacy of his or her home might resort to the use of violence if threatened by a completely unexpected and unannounced entry into the home, let alone someone who is involved in the world of drugs. Again, we reiterate that the purpose of the knock-and-announce rule is to prevent what could turn out to be deadly encounters between police and citizens.” 
Condon
, 148 Ill. 2d at 107-08.

In 
People v. Krueger
, 175 Ill. 2d 60 (1996), this court carefully examined the constitutionality of section 108–8(b)(2), which purported to authorize an unannounced entry based on an occupant's prior possession of firearms. The circuit court had issued a no-knock warrant pursuant to section 108–8(b)(2) after an informant reported that drugs and firearms were present at the defendant's residence.

Relying on 
Condon
, this court again rejected the contention that an unannounced entry is reasonable based solely on an occupant's possession of firearms. This court reiterated that the proper standard for an unannounced entry based on the presence of firearms is a reasonable belief that an occupant will use a firearm against the police if they proceed with the usual announcements. Thus, this court ruled that section 108–8(b)(2) was unconstitutional.

The State argues that section 108–8(b)(1) does not suffer from the same constitutional infirmity as section 108–8(b)(2). The State contends that section 108–8(b)(1), in allowing a no-knock entry where firearms are accessible to any occupant, indicates a greater concern that those firearms may be used against the police than the prior possession of a firearm under section 108–8(b)(2). The State suggests that section 108–8(b)(1) therefore represents a valid exigent circumstance which justifies a no-knock entry.

We reject the State's attempt to distinguish section 108–8(b)(1) from section 108–8(b)(2). The constitutional shortcoming identified in 
Krueger
 was that the mere presence of firearms, accessible or not, is not in itself a sufficient exigent circumstance. Instead, the court made clear that the presence of firearms becomes a valid exigent circumstance only “where officers have a reasonable belief that an occupant will use a firearm against them if they proceed with the ordinary announcements.” 
Krueger
, 175 Ill. 2d at 70. Although this standard “is not high” (
Richards v. Wisconsin
, 520 U.S. ___, ___, 137 L. Ed. 2d 615, 624, 117 S. Ct. 1416, 1422 (1997)), section 108–8(b)(1) does not require it for the issuance of a no-knock warrant. Therefore, we find that section 108–8(b)(1) similarly violates constitutional guarantees requiring searches and seizures be reasonable.

The State further argues that, even if section 108–(b)(1) is unconstitutional, we should reverse the circuit court's order suppressing the evidence based on the good-faith exception to the exclusionary rule. The State relies upon 
Illinois v. Krull
, 480 U.S. 340, 94 L. Ed. 2d 364, 107 S. Ct. 1160 (1987), in which the United State Supreme Court held that the fourth amendment exclusionary rule does not bar the use of evidence seized by police who reasonably rely in good faith upon a statute authorizing a search, which is later held unconstitutional. The Court reasoned that excluding evidence in this situation would not serve the primary purpose of the exclusionary rule, which is to deter future police misconduct.

This argument was made in 
Krueger
 and rejected. This court in 
Krueger
 found that the exclusionary rule arising from article I, section 6, of the Illinois Constitution of 1970 provides greater protection in this area than the federal exclusionary rule under the fourth amendment. In rejecting the holding of 
Krull
, this court stated:

“We are not willing to recognize an exception to our state exclusionary rule that will provide a grace period for unconstitutional search and seizure legislation, during which time our citizens' prized constitutional rights can be violated with impunity. We are particularly disturbed by the fact that such a grace period could last for several years and affect large numbers of people. This is simply too high a price for our citizens to pay. We therefore conclude that article I, section 6, of the Illinois Constitution of 1970 prohibits the application of 
Krull
's extended good-faith exception to our state exclusionary rule.” 
Krueger
, 175 Ill. 2d at 75-76.

The State presents no compelling argument for overruling this aspect of 
Krueger
. We therefore reaffirm that decision and reject application of the good-faith exception to the present case.

In its final argument, the State contends that even absent a valid statutory authorization, traditional constitutional standards justified an unannounced entry into defendant's residence. The State relies upon the testimony given at the suppression hearing by the officer who secured the warrant. The officer testified that he obtained information that defendant was a gang member who had two firearms at the residence which were easily accessible. The officer also testified that, while doing surveillance on defendant's residence, he observed known gang members entering and leaving the premises in the week prior to the search. Several of these gang members were under investigation for firearm violence, one had been convicted of aggravated discharge of a firearm. The officer further testified that there was friction between area gangs that had resulted in some shootings.

The officer also gave his opinion concerning the danger to officers where guns and drugs are present. The officer testified that some officers had been shot during the execution of search warrants where guns and drugs were present. The officer also opined that defendant was likely a high-ranking gang member. The officer concluded that these facts placed the officers executing the warrant in danger. The State therefore contends that the circuit court erred in failing to uphold the unannounced entry based on these circumstances.

These circumstances are insufficient as a matter of law to justify an unannounced entry. The Supreme Court has rejected the contention that the violence which generally surrounds the drug culture can serve as an exigent circumstance that serves to justify an unannounced entry. In 
Richards v. Wisconsin
, 520 U.S. ___, 137 L. Ed. 2d 615, 117 S. Ct. 1416 (1997), the United States Supreme Court reviewed a Wisconsin Supreme Court ruling which created a blanket exception to the knock-and-announce rule for the execution of warrants in all felony drug cases. The Wisconsin Supreme Court reasoned that exigent circumstances were inherent in all felony drug cases because all involve a high risk to police as well as the potential for the destruction of evidence.

The Supreme Court rejected Wisconsin's blanket exception to the knock-and-announce rule for felony drug investigations. Instead, the Court made clear that each case must be reviewed to determine whether the facts and circumstances of the particular entry justified dispensing with the knock-and-announce requirement. The Court held that police must have a reasonable suspicion, under the particular circumstances, that knocking and announcing would be dangerous or futile, or that it would allow for the destruction of evidence.

Applying this standard, the unannounced entry in the present case was unreasonable under the fourth amendment. The mere presence of firearms and drugs is insufficient to justify an unannounced entry. 
Condon
, 148 Ill. 2d at 104-06. The opinion testimony given by the officer who secured the warrant regarding the general dangers presented by drugs and firearms does not shed any light on the violent propensity of this defendant or the likelihood he would attempt to destroy evidence. Similarly, defendant's purported gang membership, without more, does not demonstrate a violent nature.

The transient presence at defendant's residence of other gang members, who may or may not have violent backgrounds, during the weeks before the execution of the warrant is also insufficient to justify an unannounced entry. No evidence was presented to support a reasonable suspicion that these individuals would be at the house at the time of the execution of the warrant. We therefore agree with the trial court that the no-knock entry by police was constitutionally unreasonable in the execution of this warrant.

CONCLUSION

We affirm the circuit court's ruling that section 108–8(b)(1) is unconstitutional. We also affirm the circuit court's ruling that the unannounced entry by police was unreasonable under constitutional standards. The circuit court's order quashing the warrant and suppressing the evidence seized is affirmed. 

Circuit court judgment affirmed.

JUSTICE MILLER, dissenting:

I do not agree with the majority's conclusion that the evidence seized in the present case must be suppressed. The no-knock entry conducted in this case may be sustained on two separate grounds, and I would therefore reverse the judgment of the circuit court and remand the cause for further proceedings.

I would note, as a preliminary matter, that the no-knock statute was amended while the present appeal was pending in this court, and the provision at issue here is no longer in force. Effective January 1, 1998, the legislature substantially revised section 108–8 of the Code of Criminal Procedure of 1963, deleting the provision involved in this case. Pub. Act 90–456, eff. January 1, 1998. Tracking the Supreme Court's opinions in 
Wilson v. Arkansas
, 514 U.S. 927, 131 L. Ed. 2d 976, 115 S. Ct. 1914 (1995), and 
Richards v. Wisconsin
, 520 U.S. ___, 137 L. Ed. 2d 615, 117 S. Ct. 1416 (1997), section 108–8(b) now permits a judge to issue a no-knock warrant upon a showing that an announced entry could lead to violence or result in the destruction of evidence. Because today's decision involves a statutory provision that no longer exists, its precedential value is reduced to that extent.

Turning to the merits of the present appeal, I do not agree with the majority's conclusion that the evidence seized in the present case must now be suppressed. Even if former section 108–(b)(1) was invalid, the present search may still be sustained on either of two alternative grounds. First, I must disagree with the majority's rejection of the good-faith exception to the exclusionary rule, as recognized by the United States Supreme Court in 
Illinois v. Krull
, 480 U.S. 340, 94 L. Ed. 2d 364, 107 S. Ct. 1160 (1987). For the reasons stated in my dissent in 
People v. Krueger
, 175 Ill. 2d 60, 76 (1996) (Miller, J., dissenting), I would apply that exception here, for in this case the police were acting pursuant to what they believed was a legitimate warrant.

Moreover, I believe that the police had reasonable grounds for a no-knock entry of the premises in this case, even if the underlying statute was invalid and the good-faith exception is unavailable. At the hearing on the defendant's suppression motion, Officer Jeffrey Adam of the Elgin police department testified that a confidential source had observed cocaine and firearms in the defendant's residence. The source had also reported that the residence was a gang location and that the defendant was street gang member, and Officer Adam himself had seen gang members entering the premises. The source told Officer Adam that the defendant possessed a number of firearms, which were normally kept out in the open. Officer Adam testified that this combination of circumstances caused the officers executing the warrant to fear for their safety.

Police are justified in making a no-knock entry if they “have a reasonable suspicion that knocking and announcing their presence, under the particular circumstances, would be dangerous or futile, or that it would inhibit the effective investigation of the crime by, for example, allowing the destruction of evidence.” 
Richards
, 520 U.S. at ___, 137 L. Ed. 2d at 624, 117 S. Ct. at 1421. On this record, it is plain that the officers in the present case “certainly had a `reasonable suspicion' that knocking and announcing their presence might be dangerous to themselves or to others.” 
United States v. Ramirez
, 523 U.S. ___, ___, 140 L. Ed. 2d 191, 198, 118 S. Ct. 992, 997 (1998). In my view, the circumstances present in this case are sufficient to sustain the entry and ensuing search.