April 16, 1999

No. 3--98--0463

                                                                  

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

A.D., 1999

VILLAGE OF PLAINFIELD   ) Appeal from the Circuit Court

   ) of the 12th Judicial Circuit

Plaintiff-Appellant,   ) Will County, Illinois

   )

v.   ) No. 98-DT-11702

   ) 

DANIEL J. ANDERSON,      ) Honorable 

   ) John Cirrcione

Defendant-Appellee.        ) Judge Presiding

                                                                  

JUSTICE LYTTON delivered the opinion of the court: 

                                                                 

The trial court quashed defendant Daniel J. Anderson's arrest for driving under the influence of alcohol (DUI).  The Village of Plainfield (Village) contends that the court's ruling should be reversed because the arresting officer, Sandmire, had reasonable grounds to investigate defendant for DUI and then arrest him on that charge.  We reverse and remand. 

FACTS

Defendant was arrested for DUI and issued citations for a cracked windshield and an unreasonably loud muffler.  At a hearing on a motion to quash the arrest and the two additional citations, Sandmire testified through an offer of proof that he was on routine patrol at approximately 1:30 a.m. when he pulled next to defendant's vehicle at a red light.  Sandmire noticed that defendant's windshield had a number of cracks and that the muffler was unreasonably loud.  

As the light changed, defendant drove away.  Sandmire followed him for approximately one-half mile before activating the emergency lights on his police car.  Upon approaching, Sandmire smelled a strong odor of alcohol emanating from the car.  Sandmire also noticed that defendant's eyes were bloodshot and glossy, and his speech was slurred.  Defendant admitted to Sandmire that he had consumed three to four beers within the past hour.  Sandmire then administered a variety of field sobriety tests.             

The trial judge found that Sandmire was justified in stopping defendant for equipment violations, but believed that the circumstances as perceived by Sandmire did not warrant the administration of field sobriety tests.  Specifically, the trial judge stated that the cracked windshield was "another one of those things that the Courts have said it's a pretense for a stop, but it's permissive.  However, that in itself doesn't justify going into a further search or a further investigation as to possible DUI."  

Thus, the trial court ruled that all evidence related to defendant's alleged intoxication at the time of arrest was inadmissible and quashed the DUI arrest, but denied the motion to quash the two other citations. 

DISCUSSION

The Village argues that (1) evidence of defendant's condition prior to the field sobriety tests should have been admissible as it was relevant to determine if the tests were properly administered and (2) based on defendant's condition, Sandmire was justified in conducting field sobriety tests and then arresting him for DUI.

     A. 
EVIDENCE OF INTOXICATION
  

Courts may exclude evidence on grounds of relevancy if that evidence "has little probative value due to its remoteness, uncertainty or its possibly unfair prejudicial nature."  
People v. Ward
, 101 Ill.2d 443, 455, 463 N.E.2d 696, 702 (1984).  A ruling on the admissibility of evidence should not be reversed unless it was an abuse of discretion.  
People v. Enis
, 139 Ill.2d 264, 281, 564 N.E.2d 1155, 1161 (1990).    

Here, defendant objected to all evidence of intoxication, claiming that it was irrelevant.  The court sustained defendant's objection.  In an offer of proof, Sandmire testified that upon asking for defendant's driver's license and insurance card, Sandmire smelled a strong odor of alcohol emanating from the car, defendant's eyes were bloodshot and glossy, and his speech was slurred.  Defendant also admitted that he had consumed three to four beers within the past hour.  

The above testimony is directly relevant to the Village's contention that Sandmire was justified in conducting a DUI investigation after making the initial traffic stop.  Without this testimony, there was no evidence to support the administration of field sobriety tests after an unrelated traffic stop.  Consideration of Sandmire's observations at the time of the traffic stop was necessary to put the DUI investigation into a proper context.  Thus, excluding evidence of this nature was an abuse of discretion.  

B. 
ADMINISTRATION OF FIELD SOBRIETY TESTS

The Village further argues that field sobriety tests were warranted after stopping defendant for a routine traffic violation.  Defendant claims that the trial court's ruling was not against the manifest weight of the evidence.  

1. STANDARD OF REVIEW

A trial court's ruling on a motion to quash usually involves assessing the credibility of witnesses and making a determination of the facts.  
People v. Wright
, 183 Ill.2d 16, 
  
, 697 N.E.2d 693, 695 (1998).  A ruling in these circumstances should not be disturbed unless it was manifestly erroneous.  
Wright
, 183 Ill.2d at 
  
, 697 N.E.2d at 695.  However, a ruling should be reviewed 
de
 
novo
 "when neither the facts nor the credibility of the witnesses is questioned."  
People v. Foskey
, 136 Ill.2d 66, 76, 554 N.E.2d 192, 197 (1990).

In this case, defendant claims our review should be under the manifestly erroneous standard because the trial court called into question the credibility of the police officers.  See 
People v. O'Brien
, 227 Ill. App.3d 302, 306, 591 N.E.2d 469, 472 (1992)(appellate court utilized the manifestly erroneous standard because the trial court had considered the credibility of the police officer and found him to be incredible.)  

Here, the trial judge 
stated that he was not "attacking directly the credibility of the officers in this case, but . . . their interpretation of the incident doesn't justify the result of a DUI charge."  In making this statement, the judge indicated that he was taking the officer's testimony as truthful and that his finding of whether the facts justified a DUI investigation was made as a matter of law.  Thus, we review his ruling 
de
 
novo
.

2. DEFENDANT'S DETENTION

When a police officer stops a vehicle for a minor traffic violation, the officer may briefly detain the driver to request a driver's license and make some initial inquiries.  
People v. Easley
, 288 Ill. App.3d 487, 491, 680 N.E.2d 776, 780 (1997).  If no further suspicion is aroused in the officer following these initial inquiries, the traffic stop may go no further, and the individuals involved should no longer be detained.  
Easley
, 288 Ill. App.3d at 491, 680 N.E.2d at 780.  Where an officer's suspicions are aroused during the initial inquiries, however, further detention may be warranted.  
United States v. Finke
, 85 F.3d 1275, 1280 (7th Cir. 1996).  

In a DUI case, if an officer has a reasonable suspicion based on specific and articulable facts that a driver is under the influence of alcohol, field sobriety tests which "do not involve long delay or unreasonable intrusion, although searches under the Fourth Amendment, may be justified."  
State v. Superior Court
, 149 Ariz. 269, 
   
, 718 P.2d 171, 176 (1986); see generally 
Easley
, 288 Ill. App.3d at 491, 680 N.E.2d at 780.  In deciding whether reasonable suspicion exists to justify the continued detention, we must consider the totality of the circumstances.  
Easley
, 288 Ill. App.3d at 491, 680 N.E.2d at 780.       

Although the trial court ruled that all alcohol related evidence was inadmissible, a meaningful review is possible due to the State's preservation of the record through an offer of proof. The evidence contained in the offer of proof consisted of Sandmire's testimony regarding defendant's impaired condition prior to the field sobriety tests.  Sandmire stated that only after observing defendant's impaired state did he prolong defendant's detention for the purpose of conducting those tests. 

Based on Sandmire's testimony, a limited detention to ascertain whether defendant was under the influence of alcohol was reasonable.  Indeed, an officer faced with these facts would be derelict in his duties if he choose not to conduct a further investigation.  

We understand the trial court's apprehension about permitting an officer to detain a driver for minor traffic violations and then administer field sobriety tests.  Nevertheless, the United States Supreme Court has held that the "subjective intent" or actual motivation of the police officers involved should play no role in determining the reasonableness of an investigation pursuant to the Fourth Amendment.  
Whren v. United States
, 517 U.S. 806, 
   
, 135 L. Ed.2d 89, 98, 116 S. Ct. 1769, 
    
 (1996).  Accordingly, we must reverse the trial court's ruling.  

The judgment of the circuit court of Will County is reversed and remanded for further proceedings on defendant's motion to quash.  On remand, the sole question for the trial court is whether defendant's conduct prior to the field sobriety tests combined with defendant's performance of those tests created probable cause to arrest defendant for DUI.     

Reversed and remanded.

HOLDRIDGE, P.J., and SLATER, J., concur.