UNITED STATES of America,
Plaintiff–Appellee,

v.

James E. GAMBRELL, Defendant–Appellant.

No. 98–3860.

United States Court of Appeals,
Seventh Circuit.

Argued Feb. 24, 1999.

Decided May 26, 1999.

Colin S. Bruce (argued), Office of the United States Attorney, Urbana Division, Urbana, IL, for Plaintiff–Appellee.

Thomas W. Patton (argued), Office of the Federal Public Defender, Springfield, IL, for Defendant–Appellant.

Before EASTERBROOK, MANION, and EVANS, Circuit Judges.

TERENCE T. EVANS, Circuit Judge.

On June 9, 1994, Agent Doug Eckerty of the Vermillion County Metropolitan Enforcement Group arranged for a confidential informant to buy drugs from Sheila "Cookie" Gambrell. The informant entered Cookie's apartment, did the deed, and afterwards reported seeing cocaine, drug paraphernalia, and guns in the apartment and a gun in Cookie's breast pocket. The informant told Eckerty that he had previously seen a male roommate who also wore a gun, though this man (who turned out to be James Gambrell) was apparently not home when the informant made the arranged buy. Based on this information, Eckerty sought and obtained a no-knock warrant under section 108–8(b)(1) of Illinois' no-knock statute, which authorized the court to dispense with the knock-and-announce formalities if there were "firearms or explosives in the building in an area where they are accessible to any occupant." 725 ILCS 5/108–8(b)(1). Eckerty and company battered down the apartment's door without first announcing their presence (which is the very thing a no-knock warrant allowed them to do), found drugs, drug paraphernalia, and guns as the informant told them they would, and arrested Cookie and her roommate (the exact nature of their relationship is unclear, but unimportant) James Gambrell. James Gambrell, a convicted felon, was charged with knowingly possessing five guns in violation of 18 U.S.C. § 922(g). Cookie's fate is of no consequence to this appeal.

Gambrell moved to suppress the evidence that formed the basis of the charges against him, arguing that the no-knock entry was unreasonable in violation of the Fourth Amendment. The district court denied the motion: "[H]ere the police officers were specifically on notice that they had every reason to believe that the person who was going to answer that door when they came with the search warrant was going to have a weapon on her person. So I think in that sense it was appropriate." The court further held that even if the circumstances did not justify the no-knock warrant, the evidence would nonetheless be admissible because the police acted in good faith when they relied on what appeared to be a valid warrant. Gambrell argued that the good-faith exception to the exclusionary rule did not apply because the Illinois Legislature, in enacting the no-knock statute, "wholly abandoned its responsibility to enact constitutional laws." The court disagreed and allowed the evidence. On appeal, Gambrell raises the same arguments he raised below: (1) the no-knock entry was unreasonable and the evidence should have been suppressed; and (2) the good-faith exception cannot save the evidence from suppression because the statute under which the warrant was issued was so clearly unconstitutional that the police officers should have known the warrant was no good. To support the latter, Gambrell cites *People v. Krueger*, 175 Ill.2d 60, 221 Ill.Dec. 409, 675 N.E.2d 604 (Ill.1996), *cert. denied*, — U.S. —, 118 S.Ct. 49, 139 L.Ed.2d 14 (1997), in which the Illinois Supreme Court declared section 108–8(b)(2) unconstitutional, and *People v. Wright*, 183 Ill.2d 16, 231 Ill.Dec. 908, 697 N.E.2d 693 (1998), in which the Illinois Supreme Court declared section 108–8(b)(1) unconstitutional. As we will see, neither of these cases has any practical effect on our decision today.

■ The Fourth Amendment requires searches and seizures to be reasonable. In some cases, reasonableness depends, at least in part, on whether the police announce their presence and authority before moving in. *Wilson v. Arkansas*, 514 U.S. 927, 931, 115 S.Ct. 1914, 131 L.Ed.2d 976 (1995). Not all unannounced entries are constitutionally deficient, however. A no-knock entry is reasonable (i.e., constitutional) when the police "have a reasonable suspicion that knocking and announcing their presence, under the particular circumstances, would be dangerous or futile, or that it would inhibit the effective investigation of the crime by, for example, al-

lowing the destruction of evidence." *Richards v. Wisconsin*, 520 U.S. 385, 394, 117 S.Ct. 1416, 137 L.Ed.2d 615 (1997).[1] In this case, the police had such a suspicion.

■■■ Gambrell does not challenge the district court's factual findings but argues that the facts of this case simply did not justify a no-knock entry into the apartment. We disagree. The information Agent Eckerty learned from his informant—that Cookie regularly sold drugs out of her apartment; that she answered the door wearing a .25 caliber gun in her front pocket; that she and her roommate regularly carried guns in the apartment; that, in addition to the gun strapped on Cookie, there were other guns, drugs, and drug paraphernalia in the apartment—was enough to create a reasonable suspicion that an announced entry would have subjected the officers to a substantial risk of harm. *See United States v. Stowe*, 100 F.3d 494, 499 (7th Cir.1996), *cert. denied*, 520 U.S. 1171, 117 S.Ct. 1438, 137 L.Ed.2d 545 (1997) ("While the presence of a gun alone is not necessarily enough [to constitute exigent circumstances], drug dealing is a crime infused with violence.") (citations omitted). *See also Richards*, 520 U.S. at 391, 117 S.Ct. 1416 (although the Court rejected as unconstitutional a blanket rule dispensing with the knock-and-announce requirement in all felony drug investigations, it nonetheless reiterated that such investigations frequently involve both threats of physical violence and a risk that evidence will be destroyed if advance notice of entry is given). We therefore agree with the district court that the no-knock entry was justified, particularly in light of the presence of guns, not just in the apartment, but strapped to and instantly accessible by the people inside, and in light of the full-scale, drug-dealing business operating out of the apartment. We also note that even if Gambrell could show the entry was unreasonable, that would not necessarily lead to the suppression of the evidence seized. *See Arizona v. Evans*, 514 U.S. 1, 10–11, 115 S.Ct. 1185, 131 L.Ed.2d 34 (1995); *United States v. Jones*, 149 F.3d 715, 716 (7th Cir.1998).

■■ The district court found that even if the circumstances did not justify a no-knock entry, the good-faith exception to the exclusionary rule would nonetheless save the evidence from suppression. Gambrell attacks that conclusion, arguing that the exception did not apply because the statutory language on which the warrant was based was so clearly unconstitutional that the officers should have known the warrant was invalid. We expressly rejected this argument in *Stowe* and do so again today.

In *Illinois v. Krull*, 480 U.S. 340, 107 S.Ct. 1160, 94 L.Ed.2d 364 (1987), the Supreme Court considered whether a good-faith exception to the Fourth Amendment exclusionary rule applied when a police officer's reliance on the constitutionality of a statute is objectively reasonable, but the statute is subsequently declared unconstitutional. The Court concluded that the exception applied unless, "in passing the statute, the legislature wholly abandoned its responsibility to enact constitutional laws" or unless the statute's provisions "are such that a reasonable police officer should have known that the statute was unconstitutional." *Id.* at 355, 107 S.Ct. 1160. In *Stowe* we held that neither of these was true for Illinois' no-knock statute. 100 F.3d at 498. Although the Illi-

1. Illinois defined by statute the circumstances that, if present, could justify a no-knock entry under Illinois law. *See* 725 ILCS 108–8(b). Though the Illinois Supreme Court has declared parts of that statute unconstitutional—including the part of the statute at issue in this case—that is irrelevant for our purposes. We determine whether the facts of this case supported the application of the exigent circumstances exception to the knock-and-announce requirement by looking to federal, not state, law. *United States v. Singer*, 943 F.2d 758, 761 (7th Cir.1991) ("[F]ederal standards control the admissibility of evidence in a federal prosecution even though the evidence was seized by state officials and would not be admissible in state court.") (citations omitted).

nois Supreme Court had not yet declared section 108–8(b)(1) of the statute unconstitutional when we issued our opinion in *Stowe*, the fact that the court has now done so does nothing to lessen *Stowe*'s impact. On the contrary, because the *Krull* analysis assumes the statute involved has been declared unconstitutional, *Stowe* is even more relevant now that the court has stricken parts of Illinois' no-knock statute. The decision of the district court is affirmed.