THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. ANDRE D. FULLER, Defendant-Appellee.

Fifth District   No. 5—00—0143

Opinion filed February 7, 2001.

Robert Haida, State's Attorney, of Belleville (Norbert J. Goetten, Stephen E. Norris, and Kendra S. Peterson, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Daniel M. Kirwan and Edwin J. Anderson, both of State Appellate Defender's Office, of Mt. Vernon, for appellee.

PRESIDING JUSTICE CHAPMAN delivered the opinion of the court:

Andre D. Fuller (defendant) was arrested on December 16, 1996, on the charge of retail theft over $150 from the Famous-Barr store in Fairview Heights, Illinois. On defendant's motion, the trial court suppressed statements defendant made to store security staff. The State appeals, upon a certificate of impairment, pursuant to Illinois Supreme Court Rule 604(a)(1) (145 Ill. 2d R. 604(a)(1)). We reverse and remand.

On December 14, 1996, a Famous-Barr loss-prevention agent, Claude Karraker, allegedly observed defendant, an employee of the store, under-ringing merchandise for two customers. Karraker followed the customers out of the store, brought them back in to the security office, and called the loss-prevention manager, Allen Kehrer. Kehrer arrived and asked defendant to accompany him to the executive office.

Kehrer testified that he did not discuss this matter with the police prior to speaking with defendant, that the police did not call him during the questioning of defendant, and that they did not direct him to take defendant's statement. Kehrer testified that defendant cooperated and told Kehrer that he knew the two customers and their children and did under-ring their purchase. Kehrer testified that interviewing defendant and taking his written statement took approximately 25 minutes. After the statement was taken, defendant was taken to the security room. Kehrer then telephoned the regional manager, Dale Lambert, who made the decision to call the police and to file charges against defendant.

■ Generally, the review of a trial court's ruling on a motion to suppress involves questions of witness credibility and determinations

of fact. Such cases are reversed only where manifest error is shown. *People v. Wright*, 183 Ill. 2d 16, 21, 697 N.E.2d 693, 695 (1998). This case, however, involves a determination of a question of law, and *de novo* review is appropriate. See *Wright*, 183 Ill. 2d at 21, 697 N.E.2d at 695.

■ Defendant posited two theories for suppressing the statements he made to store personnel. First, defendant claims that store security staff acted as agents of the local police and, therefore, *Miranda* warnings (see *Miranda v. Arizona*, 384 U.S. 436, 16 L. Ed. 2d 694, 86 S. Ct. 1602 (1966)) should have been given prior to questioning. The trial court rejected this theory and found that the employees were not agents of the local police department. We agree with the trial court on this point. The evidence demonstrates that the Famous-Barr employees were not acting as agents of the police in this case.

●3 Defendant's second theory is that *Miranda* warnings should have been given because the custodial interrogation was conducted pursuant to section 16A—5 of the Criminal Code of 1961 (720 ILCS 5/16A—5 (West 1998)). That statute provides in pertinent part:

"§ 16A—5. Detention. Any merchant who has reasonable grounds to believe that a person has committed retail theft may detain such person, on or off the premises of a retail mercantile establishment, in a reasonable manner and for a reasonable length of time for all or any of the following purposes:

(a) To request identification;

(b) To verify such identification;

(c) To make reasonable inquiry as to whether such person has in his possession unpurchased merchandise and[ ] to make reasonable investigation of the ownership of such merchandise; [and]

(d) To inform a peace officer of the detention of the person and surrender that person to the custody of a peace officer." 720 ILCS 5/16A—5 (West 1998).

The trial court determined that when non-law-enforcement persons make custodial interrogations pursuant to a state statute, fundamental fairness requires that such individuals be afforded some protection of their constitutional rights. In its decision, the court reasoned:

"I realize that these protections have historically only applied to custodial interrogations by law enforcement officers. However, it seems disingenuous on the one hand to profess concern for the protection of individuals' rights and liberties[ ] and then on the other hand sanction a statutory scheme designed to circumvent those protections. It may well not be the case with small stores having very few employees, but it has been this court's experience that 99% of the retail theft cases involving large department stores

are 'made' by the store's security staff. In those instances the consequences for the defendant are identical to those investigated by law enforcement. The confession invariably seals the individual's fate at trial. Custodial interrogations are intimidating. The statements obtained are critical pieces of evidence against the defendant. To statutorily provide for the acquisition of such statements without constitutional safeguards is grossly unfair."

The State argues that merely acting pursuant to a state statute does not in and of itself constitute *state action* requiring constitutional guarantees. We agree.

In *Miranda v. Arizona*, 384 U.S. 436, 16 L. Ed. 2d 694, 86 S. Ct. 1602 (1966), the United States Supreme Court held that the prosecution may not use statements stemming from the custodial interrogation of a defendant unless it demonstrates the use of specified procedural safeguards to secure the privilege against self-incrimination. The Court defined *custodial interrogation* in terms of questioning initiated by *law enforcement officers* after a person has been taken into custody or otherwise deprived of his freedom of action in any significant way. *Miranda*, 384 U.S. at 444, 16 L. Ed. 2d at 706, 86 S. Ct. at 1612.

*Miranda* warnings are meant to preserve the fifth amendment privilege against self-incrimination during incommunicado interrogation of individuals in a police-dominated atmosphere. *Illinois v. Perkins*, 496 U.S. 292, 296, 110 L. Ed. 2d 243, 250, 110 S. Ct. 2394, 2397 (1990). Thus, *Miranda* was not implicated in conversations between suspects and undercover agents in *People v. Manning*, 182 Ill. 2d 193, 206, 695 N.E.2d 423, 429 (1998). Nor were statements to a defendant's brother, a city alderman, rendered inadmissible without *Miranda*, where the defendant's brother was not acting as a peace officer when the defendant admitted the killing to him. *People v. Farmer*, 91 Ill. App. 3d 262, 269, 414 N.E.2d 779, 785 (1980). The question of whether *Miranda* warnings are a prerequisite to the admission into evidence of statements made to private security guards is another matter.

As a general rule, merely acting pursuant to a state statute does not in and of itself constitute *state action* requiring constitutional guarantees. *Flagg Brothers, Inc. v. Brooks*, 436 U.S. 149, 56 L. Ed. 2d 185, 98 S. Ct. 1729 (1978). A conclusion that state action exists based on retail theft statutes, without more, has been rejected by the courts. *Klimzak v. City of Chicago*, 539 F. Supp. 221 (N.D. Ill. 1982) (the unjustified detention and search of a suspected shoplifter is not "under color of state law" just because it is authorized by a statute like section 16A—5 of the Criminal Code of 1961); *Davis v. Carson Pirie Scott & Co.*, 530 F. Supp. 799 (N.D. Ill. 1982) (the detention of a shoplifter is

not *state action*). In those cases, the court rejected the argument that the security guards were acting under color of state law when they detained the suspects against their will. The courts in both cases dismissed the complaints on the ground that the limited power of the guards did not transform them into state actors. In particular, the guards could only ask an alleged shoplifter for identification, inquire into whether a crime was committed, and detain the person pending the arrival of a peace officer.

■ In this case, store security acted pursuant to section 16A—5 of the Criminal Code of 1961. Interrogating and taking statements of suspects reasonably falls under the statutory proviso that merchants may make reasonable inquiry and investigation as to the suspect harboring unpurchased merchandise. There is no evidence in this case that the security personnel acted in a coordinated effort with the police in securing defendant's statement. Without a showing that the security personnel acted pursuant to a preexisting plan with the police and that the plan involved the exercise of functions exclusively reserved to the state, we cannot find that security personnel acted as instruments of the state, thus necessitating *Miranda* warnings.

The judgment of the trial court is reversed, and this cause is remanded for further proceedings.

Reversed; cause remanded.

WELCH and RARICK, JJ., concur.