# Illinois Official Reports

## Appellate Court

---

**People v. Maberry, 2015 IL App (2d) 150341**

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. BRITTANY MABERRY, Defendant-Appellee. |
| District & No. | Second District<br>Docket No. 2-15-0341 |
| Filed | December 23, 2015 |
| Decision Under Review | Appeal from the Circuit Court of De Kalb County, Nos. 14-CM-1231, 14-DT-368, 14-TR-11424; the Hon. Robert P. Pilmer, Judge, presiding. |
| Judgment | Reversed and remanded. |
| Counsel on Appeal | Richard H. Schmack, State's Attorney, of Sycamore (Lawrence M. Bauer and Marshall M. Stevens, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.<br><br>No brief filed for appellee. |
| Panel | JUSTICE BIRKETT delivered the judgment of the court, with opinion.<br>Justices McLaren and Hudson concurred in the judgment and opinion. |

**OPINION**

¶ 1        Defendant, Brittany Maberry, was arrested and charged with driving under the influence of alcohol (DUI) (625 ILCS 5/11-501(a)(2) (West 2014)), possession of drug paraphernalia (720 ILCS 600/3.5(a) (West 2014)), and following too closely (625 ILCS 5/11-710(a) (West 2014)). She moved to suppress evidence, contending that the arresting officer lacked reasonable grounds to stop her car on the basis of following too closely. The trial court granted the motion.[1] The State appeals. For the following reasons, we reverse and remand.

¶ 2        At the hearing on the motion to suppress, defendant testified that on September 12, 2014, she was at Buffalo Wild Wings in Aurora. She dropped off a friend in Batavia, then headed home. As she was driving down Annie Glidden Road (a four-lane road with two lanes in each direction) approaching Twombly Road, where she lived, she noticed a car in front of her going slower than the 45-mile-per-hour speed limit. She estimated that she was a car length behind the car before it moved to the right lane, at which time she accelerated to the speed limit. Defendant estimated that she traveled behind the other vehicle for "[a]bout a football field maybe." No other cars were on the road and the weather was clear. Her driver training had taught her to follow a car length behind, or one to two seconds. As she turned onto Twombly Road, she saw lights and pulled over.

¶ 3        Officer Devon Buckle testified that he was traveling at the 35-mile-per-hour speed limit when he saw a car behind him. (The speed limit on this portion of Annie Glidden Road increases from 30 to 35 to 45.) He estimated that the other car was five to six feet behind his. Officer Buckle testified that the vehicle was so close that it "alarmed" him. The car followed him at that distance for about half a block before he decided to change lanes so that he could see more. He did not notice any other violations, but decided to pull the car over because it had been following too closely.

¶ 4        During argument on the motion, the State relied on *People v. Wofford*, 2012 IL App (5th) 100138, for the proposition that "the statute does not prescribe any method by which law enforcement is required to calculate a distance or time interval between vehicles." The statute simply states that "[t]he driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicles and the traffic upon and the condition of the highway." 625 ILCS 5/11-710(a) (West 2014).

¶ 5        After hearing the parties' arguments, the trial court found that the cars were traveling between 30 and 35 miles per hour. It also found that defendant's following within a car length was reasonable under the statute. The trial court agreed with defendant that *Wofford* was factually different from the instant case. Specifically, the trial court stated:

>        "Other than [defendant] approaching the marked squad car, there's nothing else noticeable or unusual about her driving.
>
>        After the squad car pulls into the right lane [defendant] proceeds forward driving the speed limit, makes a left turn. There's *no other* indication of any issues with her driving ability or any potential violations of the traffic code." (Emphasis added.)

---

[1]The trial court had earlier granted defendant's petition to rescind her summary suspension on the same grounds.

¶ 6    The trial court then said that in light of all the testimony it could not say that "the manner in which she drove her vehicle that night was not reasonable and prudent, that she did not have due regard for the speed of both vehicles and the traffic upon the roadway as well as condition of the highway." The court then granted defendant's motion to suppress evidence. The State filed a certificate of impairment and a timely notice of appeal.

¶ 7    On appeal, the State contends that the trial court erred in granting the motion to suppress.

¶ 8    We initially note that defendant has not filed a brief in this court. However, as the issue is relatively simple, we may resolve it without the benefit of an appellee's brief. See *First Capital Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 133 (1976).

¶ 9    Section 11-710 of the Illinois Vehicle Code (Code) proscribes "follow[ing] another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicles and the traffic upon and the condition of the highway." 625 ILCS 5/11-710(a) (West 2014). As the trial court noted, the statute provides no standards concerning what is "reasonable and prudent."

¶ 10   Vehicle stops are subject to the fourth amendment's reasonableness requirement. *People v. Hackett*, 2012 IL 111781, ¶ 20 (citing U.S. Const., amend. IV). A traffic stop may be justified on something less than probable cause. *Id*. ¶ 28. A traffic stop is more analogous to a *Terry* stop than to a formal arrest. See *Terry v. Ohio*, 392 U.S. 1 (1968). Thus, we analyze the reasonableness of a traffic stop under *Terry* principles. "A police officer may conduct a brief, investigatory stop of a person where the officer can point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant the intrusion." *Hackett*, 2012 IL 111781, ¶ 20 (citing *People v. Close*, 238 Ill. 2d 497, 505 (2010)). The question is whether Officer Buckle had reasonable suspicion that defendant was following him at a distance that was not "reasonable and prudent." 625 ILCS 5/11-710(a) (West 2014).

¶ 11   When reviewing a trial court's ruling on a motion to suppress, the trial court's findings of historical fact are reviewed only for clear error, giving due weight to any inferences drawn from these facts by the fact finder, and reversal is warranted only when those findings are against the manifest weight of the evidence. *People v. Luedemann*, 222 Ill. 2d 530, 542 (2006). However, a reviewing court may undertake its own assessment of the facts in relation to the issues and may draw its own conclusions when deciding what relief should be granted. *Id*. A trial court's legal ruling as to whether suppression is warranted is subject to *de novo* review. *Id*.

¶ 12   In *Wofford*, the stop was made by a state trooper who "used a method of counting the dotted lines on the roadway to determine the time interval between the vehicles, based on the guidelines set forth in the Illinois Rules of the Road." *Wofford*, 2012 IL App (5th) 100138, ¶ 25. The appellate court in *Wofford* held that it was objectively reasonable for the trooper to rely on the Rules of the Road guideline that a driver follows another vehicle too closely when there is less than a two-second interval between the vehicles. *Id*. ¶ 26. Whether a vehicle is following another vehicle too closely is a proper subject of lay opinion testimony under Illinois Rule of Evidence 701 (eff. Jan. 1, 2011), provided that there is a reasonable opportunity to observe the vehicle in question. Rule 701 provides:

    "If the witness is not testifying as an expert, the witness' testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness, and (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." *Id.*

¶ 13 Here, the State argues that if a motorist was traveling at 30 to 35 miles per hour and there was a vehicle one car length or less behind the motorist, when the motorist needed to brake, the other vehicle would not have enough time to stop to avoid an accident. The State also argues that "[i]mplicit in the reasonableness of an interval between two cars is the duty of a driver to maintain an interval between his car and the car in front of him sufficient to allow him to stop safely if the driver of the car ahead must stop suddenly." *Burgdorff v. International Business Machines*, 35 Ill. App. 3d 192, 195 (1975). The State contends that the uncontested testimony shows that, while defendant followed Officer Buckle's car for the length of a football field at a distance of one car length behind, she could not have stopped safely.

¶ 14 The fact that defendant followed Officer Buckle's squad car at an interval of a car length or less for the distance of a football field while at a speed of 30 to 35 miles per hour was uncontested. Officer Buckle stopped defendant's vehicle based on his observation and opinion that defendant was following him at an unsafe distance. We hold that Officer Buckle's observation justified an investigatory traffic stop. "In judging a police officer's conduct, we apply an objective standard, considering whether the facts available to the officer at the moment of the seizure justify the action taken." *Hackett*, 2012 IL 111781, ¶ 29. The trial court was mistaken in believing that the State was required to show some "other indication" of issues with defendant's driving ability in addition to following too closely in violation of section 11-710 of the Code. 625 ILCS 5/11-710(a) (West 2014).

¶ 15 Accordingly, the judgment of the circuit court of De Kalb County is reversed and this cause is remanded for further proceedings.

¶ 16 Reversed and remanded.