# In the
# United States Court of Appeals
## For the Seventh Circuit

_____

No. 02-4103

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

GERARDO HERNANDEZ-RIVAS,

*Defendant-Appellant.*

_____

Appeal from the United States District Court
for the Eastern District of Wisconsin.
No. 00 CR 194—**J.P. Stadtmueller**, *Judge.*

_____

ARGUED SEPTEMBER 12, 2003—DECIDED OCTOBER 30, 2003

_____

Before BAUER, KANNE, and EVANS, *Circuit Judges.*

BAUER, *Circuit Judge.* Gerardo Hernandez-Rivas was convicted of participating in a conspiracy to possess and distribute cocaine. Hernandez-Rivas appeals, contending that 1) evidence presented at trial was seized in violation of the Fourth Amendment, 2) the trial court judge erred in admitting testimony in violation of the Federal Rules of Evidence, and 3) the defendant suffered from ineffective assistance of counsel. For the reasons stated below, we affirm the district court.


## I. Background

For approximately one-and-a-half years, Hernandez-Rivas and several other Hispanic men living in Walworth County,

Wisconsin were under an investigation by the Walworth County Metro Drug Unit and the Drug Enforcement Administration. The men were suspected of trafficking drugs. The investigation included, among other things, wiretaps of eighteen telephone conversations and twenty-five controlled drug purchases. As a result of their efforts, the Walworth County Metro Drug Unit learned that the men were indeed trafficking cocaine, and were in possession of at least one firearm and a large amount of cash.

On September 15, 2000, authorities learned that Hernandez-Rivas was planning to leave the country. That day, law enforcement officers pulled over the car in which Hernandez-Rivas was a passenger. The stated reason for the traffic stop was that the car had been traveling at sixty-one miles per hour in a fifty-five mile per hour zone. After the stop, Deputies Mulhollon and Kilpin searched the vehicle with the driver's permission. During that search they discovered three .45 caliber bullets and an envelope in the glove compartment that contained $25,000 in cashier's checks made out to "Gerardo Hernandez."

The deputies then asked Hernandez-Rivas to step out of the car and performed a pat-down search. Deputy Mulhollon saw and felt a quantity of cash in Hernandez-Rivas' breast pocket. He asked Hernandez-Rivas what was in his pocket, and Hernandez-Rivas replied that it was $10,000. Deputy Mulhollon seized the cash and proceeded to check for identification. When Deputy Mulhollon seized Hernandez-Rivas' wallet, he found and confiscated a falsified Wisconsin identification card and $1,000 in cash.

Prior to trial, Hernandez-Rivas moved to suppress the evidence seized at the time the vehicle was stopped. The magistrate judge recommended that the district court deny the motion. Hernandez-Rivas did not file an objection, and the district court adopted the motion.

During the course of the trial, the defendant objected to the admission of two pieces of testimony on hearsay grounds. The first came from the testimony of Deputy Kilpin. Kilpin testified that during the course of the traffic stop, the driver of the car, Jorge Luna, told Kilpin that he had obtained the cashier's checks earlier that day for Hernandez-Rivas. The second objection came during the testimony of a witness, Antonio Gomez, who stated that he had a conversation with another man, Carlos Gonzalez, who told Gomez that his cocaine supplier was "Gerardo." Both pieces of testimony were admitted over objection.

## II.  Discussion

### A.  Motion to Suppress Physical Evidence

Hernandez-Rivas waived his right to appeal the admission of the physical evidence seized during the traffic stop. The general rule within the Seventh Circuit is that if a party fails to file an objection with the district court, he or she "waives the right to appeal all issues, both factual and legal." *United States v. Brown*, 79 F.3d 1499, 1503 (7th Cir. 1996) (quoting *Video Views, Inc. v. Studio 21, Ltd.*, 797 F.2d 538, 539 (7th Cir. 1986)). The purpose of this rule is to ensure the efficient workings of the district and appellate courts. Absent a requirement that objections be filed in the district court, all issues heard by a magistrate would be the appropriate subject of appellate review. *Thomas v. Arn*, 474 U.S. 140, 147 (1985). The Supreme Court has noted that the practical effect of this would be to "either force the court of appeals to consider claims that were never reviewed by the district court, or force the district court to review every issue in every case . . . ." *Id.* Neither scenario would be an efficient use of judicial resources. *Id.*

In this case, when the magistrate judge issued the recommendation that defendant's motion to suppress the

physical evidence be denied, Hernandez-Rivas failed to file an objection with the district court. Hernandez-Rivas argues that this case fits into the exception to the general rule. Specifically, we have stated that the waiver rule should not be applied if such an application would "defeat the ends of justice." *United States v. Brown*, 79 F.3d 1499, 1504 (7th Cir. 1996) (quoting *Video Views Inc. v. Studio 21, Ltd.*, 797 F.2d 538, 540 (7th Cir. 1986)). Within this circuit, this exception has been applied in two cases. Once, in an instance where an objection was filed, but the filing was done outside of the ten-day window. *See C&F Packing Co., Inc. v. IBP, Inc.* 1997 WL 619848, *4 (N.D.Ill.1997) (noting that "Pizza Hut's objection was not 'egregiously late' and C & F is not prejudiced . . . ."). The other instance was where the magistrate judge recommended that the defendant's motion for substitute counsel be denied, and the attorney in question failed to file the timely objection to preserve for appeal the issue of his own removal. *Brown*, 79 F.3d at 1504-05.

Hernandez-Rivas argues that his case presents a situation in which a waiver would "defeat the ends of justice." Particularly, Hernandez-Rivas claims that he should not be subject to waiver because he was denied effective assistance of counsel, based only on his attorney's failure to file this particular objection in the district court. Should we adopt Hernandez-Rivas' reasoning, every appellant's failure to file the procedurally necessary objections would be excused, and a party would never waive his or her right to appeal. Today we decline the invitation to construe the exception to be so broad that it swallows the rule.

At any rate, Hernandez-Rivas cannot prevail on his motion to suppress. He does not dispute that the car in which he was riding was stopped while it was traveling in excess of the posted speed limit. Traffic violations give police the necessary probable cause to stop the vehicle. *Atwater v. City*

*of Lago Vista*, 532 U.S. 318, 322 (2001). In such a situation, the officer may arrest the driver and conduct a search incident to the arrest that includes the person and the area that is under the control of the person arrested. *Chimel v. California*, 395 U.S. 752, 760 (1969). Hernandez-Rivas protests that although the car was traveling in excess of the speed limit, this was a pretextual reason for the stop, and that the officers were merely following the orders of those involved in the investigation. This argument fails; the Supreme Court has explained that officers' subjective motivation for making a traffic stop is irrelevant. *Wren v. United States*, 517 U.S. 806, 813 (1996) (noting that "[s]ubjective intentions play no role in ordinary, probable-cause Fourth Amendment analysis.").

Similarly, the deputies were authorized to conduct a pat-down search of Hernandez-Rivas under *Terry v. Ohio*, 392 U.S. 1 (1968). The doctrine in *Terry* allows an officer to conduct a pat-down search if the officer has articulable facts that led him or her to believe that the individual could be armed or present a threat to others. *Id.* at 27. Here the wiretaps had revealed that Hernandez-Rivas owned a firearm, and was participating in cocaine trafficking, "a crime infused with violence."*United States v. Gambrell*, 178 F.3d 927, 929 (7th Cir.1999) (quoting *United States v. Stowe*, 100 F.3d 494, 499 (7th Cir. 1996) *cert. denied*, 520 U.S. 1171 (1997)). These facts provided the deputies reason to believe Hernandez-Rivas may be armed and present a risk of harm, satisfying *Terry*.

The extent of the pat-down search was not inconsistent with *Terry*. An officer may seize nonthreatening contraband that is detected during a pat-down search. *Minnesota v. Dickerson*, 508 U.S. 366, 373-74 (1993). The contraband may be detected either because it is in plain view or because the officer detected it by touch. *Id.* at 375-76. During the course of the pat-down the deputies seized $10,000 cash

from Hernandez-Rivas breast pocket and a false identification card and $1,000 from his wallet. The $10,000 in his breast pocket was visible to the deputy, and the deputy had reason to believe that the money was proceeds of the drug trafficking. The false identification and $1,000 came into plain view when Deputy Mulhollon handcuffed Hernandez-Rivas and checked his wallet for identification. Like the $10,000, the deputy had reason to believe that these items were also used to facilitate the drug trafficking. Neither of these seizures is inconsistent with *Terry* or its progeny, and thus the district court was correct in denying Hernandez-Rivas' motion to suppress the evidence.

*B. Prejudicial Hearsay*

Hernandez-Rivas challenges the admission of two pieces of testimony at trial. In reviewing a district court's evidentiary ruling, we review for abuse of discretion; further, an error will be reversed only if it had "a substantial influence over the jury." *United States v. Smith*, 230 F.3d 300, 307 (7th Cir. 2000). Hernandez-Rivas challenges both pieces of testimony as inadmissible hearsay.

The first piece of testimony in question arose when Antonio Gomez, a co-conspirator, testified that he had received cocaine from Carlos Gonzalez. Gomez testified that at one point he asked Gonzalez who was supplying him with cocaine; according to Gomez, Gonzalez replied that he received his cocaine from "Gerardo." Hernandez-Rivas had objected to this line of questioning, but the trial court admitted the testimony as a statement by co-conspirators in furtherance of a conspiracy. FED. R. EVID. 801(d)(2)(E). Hernandez-Rivas argues that this statement does not fall within Federal Rule of Evidence 801(d)(2)(E) because it was "mere chitchat" and was not done to further the conspiracy. We have previously held, however, that conversations

identifying actors within the conspiracy help to "confirm the lines of command in the organization," and in that way do, in fact, further the conspiracy. *United States v. Pallais*, 921 F.2d 684, 688 (7th Cir. 1990). For this reason, Gomez's testimony was admissible.

The other piece of testimony was given by Deputy Kilpin, regarding a conversation that he had had with the driver of the car, Jorge Luna. Kilpin testified that when he asked Luna about the origin of the $10,000 worth of cashier's checks, Luna replied that he had obtained the checks for Hernandez-Rivas. Hernandez-Rivas objected the admissibility of this testimony, contending that it was hearsay. Reviewing the district court's decision for clear error, we find that the testimony was indeed inadmissible hearsay. It does not fall under any exception to the hearsay rule. As we stated earlier, when an evidentiary error is made, it will only be reversed if it affected the jury. *Smith*, 230 F.3d at 307. In determining the effect of the testimony, we will consider: (1) the importance of the witness's testimony in the prosecution's case; (2) whether the testimony was cumulative; (3) whether other evidence corroborated or contradicted the witness's material testimony; and (4) the overall strength of the prosecution's case. *United States v. Ochoa*, 229 F.3d 631, 639-40 (7th Cir. 2000).

In this situation, the admission of the hearsay was harmless error. The testimony linking Hernandez-Rivas to the cashier's checks was cumulative. The wiretaps had revealed that Luna was working on behalf of Hernandez-Rivas, and that he had been out that day acquiring the requisite amount of cashier's checks for him. The checks themselves had Hernandez-Rivas' name as the remitter. When considered in light of the rest of the government's case against the defendant, the admission of this testimony did not have "substantial influence over the jury."

*C. Effective Assistance of Counsel*

Hernandez-Rivas argues that because his attorney failed to file an objection with the district court to the magistrate judge's recommendation to deny his motion to suppress the physical evidence, he was denied his constitutionally protected right to effective assistance of counsel. We consider such claims under the *Strickland* test. *Strickland v. Washington*, 466 U.S. 668, 688-91 (1984). To prevail, Hernandez-Rivas must show that his attorney fell below objective standards of representation, and that such deficiencies were prejudicial to the outcome of the trial. *Id.* In requiring the defendant to show prejudice to the outcome of the trial, the Supreme Court noted that "[t]he purpose of the Sixth Amendment guarantee of counsel is to ensure that a defendant has the assistance necessary to *justify reliance on the outcome* of the proceeding." *Id.* at 691-92 (emphasis added). In cases where an attorney's mistake resulted in the admission of evidence that would have otherwise been suppressed, the outcome of the trial does not become any less reliable. *United States v. Jones*, 152 F.3d 680, 688 (7th Cir. 1998); *United States v. Williams*, 106 F.3d 1362, 1367 (7th Cir. 1997); *Holman v. Page*, 95 F.3d 481, 490-92 (7th Cir. 1996), *cert. denied*, 520 U.S. 1254 (1997). This is such a case. As a result, it is not necessary for us to determine whether Hernandez-Rivas' attorney's performance was deficient. It is enough to note that whether there was error or not, the outcome of this trial was no less reliable for having heard the additional evidence. *Lockhart v. Fretwell*, 506 U.S. 364, 368-70 (1993).

For these reasons, we AFFIRM.

No. 02-4103                                                        9

**A true Copy:**

      **Teste:**

                         _____
                         *Clerk of the United States Court of*
                           *Appeals for the Seventh Circuit*