**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Clifton L. WRIGHT, Defendant–**
**Appellant.**

**No. 04–1008.**

United States Court of Appeals,
Seventh Circuit.

Argued June 1, 2004.

Decided June 15, 2004.

David Reinhard, Madison, WI, for Plaintiff–Appellee.

David A. Geier, Larowe, Gerlach & Roy, Madison, WI, for Defendant–Appellant.

Before EASTERBROOK, KANNE, and ROVNER, Circuit Judges.

*ORDER*

A jury found Clifton L. Wright guilty of two counts of possessing with intent to distribute 50 or more grams of cocaine base, in violation of 18 U.S.C. §§ 841(a)(1) and (b)(1)(A). The district court sentenced him to 360 months' incarceration on each count to be served concurrently.

Wright appeals the district court's denial of his motion to suppress and we affirm.

The details of the motion to suppress turn out to be irrelevant to the main issue here, which is whether Wright waived his right to appeal the district court's ruling on the motion. Wright moved to suppress cocaine he tossed aside from his person during a scuffle with a police officer and cocaine found in his hotel room the next day. A magistrate judge held a hearing on the motion and entered a report and recommendation concluding that the district court should deny both parts of Wright's motion. Wright filed no objections to the magistrate judge's report and recommendation, and the district court subsequently adopted it and denied Wright's motion to suppress evidence. Wright proceeded to a jury trial and was convicted and sentenced. On appeal, the only issues he raises are related to his motion to suppress. The government contends that Wright waived his right to appeal these issues by failing to object to the report and recommendation. Wright concedes that waiver is the usual consequence when a party fails to object to a magistrate judge's report and recommendation, but maintains that application of the waiver rule in this context would defeat the ends of justice.

"The general rule within the Seventh Circuit is that if a party fails to file an objection with the district court, he or she 'waives the right to appeal all issues, both factual and legal.'" *United States v. Hernandez–Rivas*, 348 F.3d 595, 598 (7th Cir. 2003) (quoting *United States v. Brown*, 79 F.3d 1499, 1503 (7th Cir.1996)). *See also Thomas v. Arn*, 474 U.S. 140, 155, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985) (a court of appeals may adopt a rule conditioning appeal, when taken from a district court's judgment that adopts a magistrate judge's recommendation, upon the filing of objec-

tions identifying those issues on which further review is desired). We will not apply the waiver rule, however, if its application would defeat the ends of justice. *Hernandez–Rivas*, 348 F.3d at 598; *Brown*, 79 F.3d at 1504. In *Hernandez–Rivas*, we rejected a defendant's claim that the "ends of justice" exception should apply because he was denied effective assistance of counsel, where the ineffectiveness claim arose solely from counsel's failure to file objections to the magistrate judge's report and recommendation. *Hernandez–Rivas*, 348 F.3d at 598–99. We reasoned that applying the exception in that case would essentially swallow the rule. *Id.*, 348 F.3d at 599. The instant case is indistinguishable from *Hernandez–Rivas*.

Wright's attorney filed an affidavit with this Court averring that Wright is illiterate and that counsel read all documents to him. After receiving the magistrate judge's report and recommendation, counsel tells us, his client indicated that he intended to enter a guilty plea. Counsel proceeded according to his client's wishes by preparing for the plea. Counsel is unable to tell us exactly when Wright changed his mind and decided to proceed to trial but it was "very shortly prior to or at the time the District Court adopted the report and recommendation." Our review of the record indicates that the magistrate judge entered the report and recommendation on September 19, 2003. Under 28 U.S.C. § 636, Wright had ten days to object to the magistrate judge's report and recommendation. That would have allowed him until September 29, 2003 to file his objections. The district court entered its order adopting the report and recommendation a few days later on October 1, 2003. Although counsel asserts that the fault for the failure to object rests with counsel, it is apparent from the record that Wright himself directed counsel's actions, telling his lawyer too late that he wished to pro-

ceed to trial instead of accepting a plea agreement. Under *Hernandez–Rivas*, waiver therefore applies to all issues arising from the magistrate judge's recommendation. The exception to the waiver does not apply, especially because it is apparent from the record that Wright himself contributed to the failure by waiting until the last moment (and perhaps beyond the last moment, according to counsel) to tell his lawyer his intention to proceed with trial. Having waived the only issues that he seeks to appeal, we affirm the judgment of the district court.

AFFIRMED.