**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted December 15, 2006
Decided December 18, 2006

**Before**

Hon. WILLIAM J. BAUER, *Circuit Judge*

Hon. DANIEL A. MANION, *Circuit Judge*

Hon. ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 06-2117

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    *Plaintiff-Appellee,*<br><br>    *v.*<br><br>JOSEPH N. RUSSO,<br>    *Defendant-Appellant.* | Appeal from the United States District Court for the Western District of Wisconsin.<br><br>No. 05 CR 141<br><br>John C. Shabaz,<br>    *Judge.* |

**O R D E R**

Unbeknown to Joseph Russo, his marijuana buyer was a police informant. Police officers from Hurley, Wisconsin, had watched Russo and the informant engage in two prior drug sales; immediately after the third sale, officers arrested him. The officers then searched his home and found a rifle and two shotguns. He was charged with possessing firearms as a felon. *See* 18 U.S.C. § 922(g)(1). Before trial, Russo moved to suppress the guns and incriminating statements he made on the night of his arrest. He claimed that the police coerced him into giving consent to search his house, and that he was questioned without *Miranda* warnings and repeated requests for a lawyer. A magistrate judge conducted an evidentiary hearing on Russo's motion and recommended that the district court credit the testimony of the arresting officers, who said Russo gave written consents to the

search and to be questioned without counsel.  Russo failed to object, and the district court adopted the magistrate judge's recommendation.  Russo was then tried by a jury, found guilty, and sentenced to 110 months' imprisonment and three years' supervised release.

Russo filed a notice of appeal, but his appointed lawyer has moved to withdraw because she cannot discern a nonfrivolous argument for appeal.  *See Anders v. California*, 386 U.S. 738 (1967).  Counsel's supporting brief is facially adequate, and Russo has not responded to counsel's motion, *see* Cir. R. 51(b).  Our review of the record is limited to the potential issues counsel has identified.  *See United States v. Tabb*, 125 F.3d 583, 584 (7th Cir. 1997).

Counsel first examines whether Russo could challenge the district court's ruling on his motion to suppress.  But Russo never objected to the magistrate judge's report and recommendation, which the district court adopted.  Russo thus waived any argument about the district court's ruling, and so we agree with counsel that it would be frivolous to raise a suppression argument on appeal.  *See United States v. Hall*, 462 F.3d 684, 688-89 (7th Cir. 2006); *United States v. Hernandez-Rivas*, 348 F.3d 595, 598 (7th Cir. 2003).

Counsel next questions whether Russo could challenge the jury's verdict, but rightly determines that he could not.  We will overturn a jury verdict only when the record contains no evidence from which a rational jury could have found guilt beyond a reasonable doubt.  *United States v. Macari*, 453 F.3d 926, 936 (7th Cir. 2006); *United States v. Caldwell*, 423 F.3d 754, 759 (7th Cir. 2005).  The only issue at trial was whether Russo possessed the firearms, and Russo told the police early on that he had personally placed the weapons in his spare bedroom.  Therefore, sufficient evidence supported the jury's conviction and it will not be overturned.

Finally, counsel considers whether Russo might argue that his prison sentence is unreasonable.  Here the district court correctly set Russo's base offense level at 24, which accounts for one previous conviction for a controlled substance offense and another for a crime of violence.  *See* U.S.S.G. § 2K2.1(a)(2).  The court added two levels because Russo possessed three firearms, *see* U.S.S.G. § 2K2.1(b)(1)(A), as well as two more levels because Russo obstructed justice during the suppression hearing by lying in his own affidavit and suborning perjury from a defense witness, *see id.* § 3C1.1.  Russo's guidelines imprisonment range was thus properly calculated to be 110 to 137 months, though the upper end would have been capped at 120 months, the statutory maximum.  *See* 18 U.S.C. § 924(a)(2).  Because Russo's prison sentence is within the guidelines range, it is presumptively reasonable, *United States v. Mykytuik*, 415 F.3 606, 608 (7th Cir. 2005), and counsel can identify no error in the district court's analysis of the relevant factors under 18

U.S.C. § 3553(a).  But whether or not we applied the presumption here, we would conclude, as does counsel, that it would be frivolous for Russo to argue that his prison term is unreasonable.  *See United States v. Rita*, No. 05-4674, 2006 WL 1144508 (4th Cir. 2006), *cert. granted*, 75 U.S.L.W. 3243 (U.S. Nov. 3, 2006) (No. 06-5754) (granting writ of certiorari to decide whether it is consistent with *Booker* to accord a presumption of reasonableness to a sentence within the guidelines range).  We recently noted that sentencing courts must consider serious arguments for imposing a sentence below the guidelines range, *United States v. Gama-Gonzalez*, No. 06-1965, 2006 WL 3490843, at *2 (7th Cir. Dec. 5, 2006), but Russo did not identify any § 3553(a) factor that might have warranted a sentence below the range.  Even ignoring the presumption, then, we would agree with counsel that a reasonableness argument would be frivolous.  *See United States v. Filipiak*, 466 F.3d 582, 584 (7th Cir. 2006).

Accordingly, counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.