**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted August 29, 2007
Decided August 30, 2007

**Before**

Hon. WILLIAM J. BAUER, *Circuit Judge*

Hon. RICHARD A. POSNER, *Circuit Judge*

Hon. JOEL M. FLAUM, *Circuit Judge*

No. 06-4193

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>  *Plaintiff-Appellee,* | Appeal from the United States District Court for the Western District of Wisconsin |
|  *v.* | No. 06-CR-023-C-01 |
| EUGENE R. LOUGHREN,<br>  *Defendant-Appellant.* | Barbara B. Crabb,<br>*Chief Judge.* |

**O R D E R**

After nearly two years of investigating Eugene Loughren's drug dealing, police officers obtained a warrant to search his house and found methamphetamine packaged for sale, digital scales, and firearms. Loughren was charged in federal court and moved to suppress this evidence and other evidence gleaned from two warrantless seizures of garbage from his house. A magistrate judge recommended that the motion be denied, and without objection from Loughren the district court adopted this recommendation. Loughren then pleaded guilty to conspiracy to possess with the intent to distribute methamphetamine, *see* 21 U.S.C. §§ 846, 841(a)(1), reserving his right to challenge the suppression ruling on appeal. The court sentenced him to a prison term of 140 months, a sentence that falls within the

properly calculated guidelines range. Loughren now appeals, but his counsel seeks to withdraw under *Anders v. California*, 386 U.S. 738 (1967), because he is unable to discern any nonfrivolous argument to pursue. We invited Loughren to respond to his counsel's motion, *see* Cir. R. 51(b), but he has not done so. Our review is limited to the potential issues identified in counsel's facially adequate brief. *See United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

Counsel firsts considers whether Loughren can argue that the district court erred in denying his motion to suppress. We agree that any such challenge would be frivolous; Loughren did not object to the magistrate judge's recommendation, thus waiving this potential argument on appeal. *See United States v. Hall*, 462 F.3d 684, 688 (7th Cir. 2006); *United States v. Hernandez-Rivas*, 348 F.3d 595, 598 (7th Cir. 2003). Moreover, even if Loughren could argue that the government "waived" his waiver by entering into a conditional plea agreement, we conclude that any challenge to the suppression ruling would still be frivolous on the merits.

The garbage searches would require little discussion. The police found "numerous suspected drug notes" and plastic baggies, one with a white powder residue and another that smelled of marijuana. Two police officers testified that the garbage was awaiting collection in the publicly accessible alley behind Loughren's home, and we would not disturb the district court's decision to credit the officers' detailed and consistent testimony. *See United States v. Briggs*, 273 F.3d 737, 740 (7th Cir. 2001). And because "our society would not accept as reasonable a claim to an expectation of privacy in trash left for collection in an area accessible to the public," the garbage was not afforded Fourth Amendment protection. *United States v. Redmon*, 138 F.3d 1109, 1114 (7th Cir. 1998) (en banc); *see also California v. Greenwood*, 486 U.S. 35, 37 (1988); *United States v. Segura-Baltazar*, 448 F.3d 1281, 1286-87 (11th Cir. 2006); *United States v. Long*, 176 F.3d 1304, 1308 (10th Cir. 1999).

As for the search of his house, Loughren argued before the magistrate judge that the police officer who got the warrant lied in his affidavit about information supplied by one of four informants. But Loughren never asserted that the affiant misrepresented the statements of the other three informants who all said they bought drugs from Loughren. One informant stated that he bought methamphetamine from Loughren almost daily and that Loughren kept drugs at his home. Thus, even after excising the allegedly false information, the affidavit still established probable cause because it was based on the first-hand accounts of the three informants, one of whom previously provided reliable information. *See United States v. Otero*, Nos. 05-3132 & 05-4469, 2007 U.S. App. LEXIS 17139, *7-8 (7th Cir. July 19, 2007); *United States v. Wiley*, 475 F.3d 908, 915 (7th Cir. 2007). And for that reason it would be frivolous to argue that suppression was required.

*See Franks v. Delaware*, 438 U.S. 154, 171-72 (1978); *United States v. Souffront*, 338 F.3d 809, 822 (7th Cir. 2003).

Apart from the suppression matter, counsel also considers whether Loughren could challenge the reasonableness of his prison sentence. Loughren's sentence falls within the properly calculated guidelines range, and so we would presume it to be reasonable. *See Rita v. United States*, 127 S. Ct. 2456, 2462 (2007); *United States v. Gama-Gonzalez*, 469 F.3d 1109, 1110 (7th Cir. 2006). Here, the district court gave meaningful consideration to the factors set forth in 18 U.S.C. § 3553(a), *see United States v. Laufle*, 433 F.3d 981, 987 (7th Cir. 2006), including Loughren's family situation, his heavy use of methamphetamine, the amount of drugs involved in the conspiracy, and his employment record. Counsel is unable to articulate any basis for arguing that the sentence imposed is unreasonable, and we agree that any such argument would be frivolous.

Finally, we agree with counsel that if Loughren wishes to argue that trial counsel was ineffective for refusing to object to the magistrate judge's recommendation or other reasons, he would be better served by bringing that claim through a collateral proceeding under 28 U.S.C. § 2255. *See, e.g., Massaro v. United States*, 538 U.S. 500, 504-05 (2003); *United States v. Turcotte*, 405 F.3d 515, 537 (7th Cir. 2005).

Counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.