**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued December 14, 2011
Decided March 19, 2012

**Before**

RICHARD A. POSNER, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

No. 11-1720

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>*Plaintiff-Appellee*,<br><br>v.<br><br>KENNETH W. HARRIS,<br>*Defendant-Appellant*. | Appeal from the United States District Court for the Northern District of Indiana, Hammond Division.<br><br>No. 2:08-CR-88<br><br>Rudy Lozano,<br>*Judge*. |

## O R D E R

Kenneth Harris pleaded guilty before a magistrate judge to conspiring to manufacture and distribute methamphetamine, in violation of 21 U.S.C. §§ 846 and 841(a)(1). After a full colloquy, the magistrate judge recommended to the district court that it find that Harris entered his plea knowingly and voluntarily, and thus that the plea should be accepted. Harris lodged no objections to this recommendation. The district court accepted the plea and sentenced Harris to 180 months' imprisonment. Harris has now thought better of matters and is seeking to invalidate his guilty plea. He forfeited that option, however, when he failed to object to the magistrate judge's recommendation. We therefore affirm the district court's judgment.

Harris's role in the meth business was that of a purchaser of the precursor chemicals that are used; he was then paid with finished product. The record does not indicate what he did with the drugs he received. Overall, he was responsible for 7.2 kilograms of methamphetamine. After he was caught and indicted, he negotiated a plea agreement in which he agreed to cooperate against his co-conspirators. In exchange, the government agreed to dismiss certain charges and to recommend a prison sentence at the bottom of the advisory guideline range.

When Harris appeared before a magistrate judge who was prepared to take his plea, the judge asked him the usual series of questions required by Federal Rule of Criminal Procedure 11. Harris's responses were perfunctory, but appropriate. As part of the colloquy, the government summarized the evidence that it was prepared to produce against Harris at trial. Afterward, the magistrate judge asked Harris for his own "version of the events." Harris answered, "I'm guilty, Your Honor." After the colloquy, the magistrate judge prepared a report and recommendation for the district judge. As required by 28 U.S.C. § 636(b)(1)(C), the judge filed this document with the court and served copies on all the parties. The report notified the parties that objections could be filed within a 10-day period (since revised to be 14 days, but that is of no importance), and it cautioned that objections would be waived if not raised within that time. Harris neither filed any objections nor did he take any step to withdraw his guilty plea. He similarly raised no objection to the probation officer's recommendation in the presentence investigation report that his offense level was 35, his criminal history VI, and his imprisonment range was 292 to 365 months. He had nothing to say about his plea at that juncture, and his counsel affirmatively stated that Harris was not disputing the facts set out in the PSR or the accuracy of the officer's guidelines calculation.

Based on all this, the district court accepted the plea. As required by the agreement, the government moved for below-guideline sentence because of Harris's substantial assistance, and the court acquiesced, imposing a sentence of 180 months. This must have been a wake-up call to Harris: after receiving that sentence, he wrote a letter to the district judge insisting that his lawyer had misled him into believing that his sentence would be lower yet. The court did not respond to the letter.

Assisted by new counsel, Harris has appealed. He would like to withdraw his guilty plea and start over. He contends that he should receive this relief because the magistrate judge's plea colloquy was too terse, since it consisted of a series of questions seeking "yes" or "no" answers rather than being a meaningful dialogue. The government responds that it is too late for Harris to make this point. He had his opportunity when the magistrate judge's report was transmitted to the district court, and he failed to take it.

Whether we refer to this as waiver, as some cases do, see *United States v. Hall,* 462 F.3d 684,

688 (7th Cir. 2006); *United States v. Hernandez-Rivas,* 348 F.3d 595, 598 (7th Cir. 2003), or as forfeiture, in keeping with the usage the Supreme Court has recommended, see *United States v. Olano,* 507 U.S. 725, 733 (1993), makes no difference here. Waived arguments are gone for good, but relief from a forfeited argument may be granted only if the error was plain. *Id.* In fact, Harris's failure to move in the district court to withdraw his guilty plea is a second reason why plain error is all that is left for him. See FED. R. CRIM. P. 52(b); *United States v. Ali,* 619 F.3d 713, 718-19 (7th Cir. 2010), *cert. denied*, 131 S. Ct. 965 (2011). If the worst he can say of the colloquy he received is that it produced short responses, then there is no reason to suspect error at all. He does not say that he misunderstood the judge, he does not say that he was under some kind of incapacity, nor does he suggest any other serious flaw in the procedure. The case of *United States v. Frye,* 738 F.2d 196, 201 (7th Cir. 1984), on which Harris relies, is distinguishable. There the plea colloquy was conducted jointly for two co-defendants with different levels of involvement in the same check-kiting scheme. *Id.* The two were represented by the same counsel, who was obviously conflicted. *Id.*; see also *United States v. Ray,* 828 F.2d 399, 408 (7th Cir. 1987) (superseded by statute on unrelated point). Harris has pointed to nothing comparable in his case sufficient to persuade us that he should be relieved of the consequences of his failure to object at a time when corrective action could easily have been taken in the district court.

The judgment of the district court is **AFFIRMED**.