NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted September 26, 2013
Decided September 26, 2013

**Before**

WILLIAM J. BAUER, *Circuit Judge*

RICHARD D. CUDAHY, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 13-1617

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Northern District of Indiana, Fort Wayne Division. |
| *v.* | No. 1:11-CR-46-TLS |
| CHARLES E. MARTIN, *Defendant-Appellant.* | Theresa L. Springmann, *Judge*. |

**O R D E R**

Charles Martin entered a conditional guilty plea to possession of a firearm by a felon. *See* 18 U.S.C. § 922(g)(1). He reserved his right to file this appeal from the denial of his motion to suppress, but his appointed lawyer has concluded that the appeal is frivolous and moves to withdraw under *Anders v. California*, 386 U.S. 738, 744 (1967). Martin has not accepted our invitation to comment on counsel's motion. *See* CIR. R. 51(b). We limit our review to the potential issues discussed in counsel's facially adequate brief. *See United States v. Schuh*, 289 F.3d 968, 973–74 (7th Cir. 2002).

Martin was arrested outside H & H Firearms (a federally licenced firearms dealer in Fort Wayne, Indiana). On the day of Martin's arrest, police officer Miguel Rivera was stationed at the store and observed a petite woman enter and inspect the ammunition. When the woman stepped outside briefly, a sales clerk alerted Rivera that she had asked about buying 10mm cartridges; that size ammunition is not used widely because the recoil makes firing difficult, especially for persons of small stature. What's more, as Rivera knew, 10mm ammunition had been used in a recent rash of shootings. The officer spoke to the woman moments later when she returned to the store, and she admitted that she was buying the ammunition for a man waiting outside (later identified as Martin).

Officer Rivera, his badge visible, approached the passenger side of the car where Martin was sitting. He told Martin that he wanted to discuss the purchase of 10mm ammunition. Martin began fidgeting, so Rivera asked him to step out of the car. Martin complied but not before reaching down to the floor between his legs. Rivera heard "a metal sound, metal on metal," and fearing that Martin had a gun, he drew his sidearm. By then Martin was out of the car, and he dropped a bag of marijuana as he raised his hands. When Rivera asked about the marijuana, Martin fled. Based on video from the store's security system, the district court was able to determine that only 23 seconds passed between the time Rivera approached the vehicle and the moment Martin fled. Rivera quickly apprehended Martin and then found a stolen, .40-caliber pistol under the passenger seat.

Officer Rivera booked Martin into the county jail. From there Martin called the mother of one of his children and told her to keep a "box of cereal" away from the children (prisoners are advised that calls they make from the jail are monitored and recorded). Rivera overheard Martin's statement about the "box of cereal" and, suspecting that it really was another gun, went to the woman's home and inquired about the phone call from Martin. She gave the officer a 10mm pistol from atop the refrigerator; the gun, she said, belonged to Martin.

Martin was charged with two counts of violating § 922(g)(1), one for each gun. He moved to suppress the guns on the theory that Officer Rivera had seized him without reasonable suspicion or probable cause, and thus the guns are the fruits of unlawful conduct.  The district court rejected that contention, prompting Martin to accept a deal requiring him to plead guilty to possessing the 10mm pistol in exchange for dismissal of the other count. Martin's plea agreement permits him to dispute the ruling on his motion to suppress, but otherwise includes an appeal waiver foreclosing

all other challenges to his conviction or sentence. By consent Martin entered his guilty plea before a magistrate judge, who afterward prepared a written report for the district judge recommending that the plea be accepted. The report warns that objections must be filed within 14 days if at all, but Martin did not protest any of the magistrate judge's findings and neither did he move to withdraw his guilty plea. The district judge accepted the guilty plea and sentenced Martin to 36 months' imprisonment.

In his *Anders* submission counsel does not say directly that Martin has no desire to challenge his guilty plea apart from contesting the adverse ruling on his motion to suppress. *Cf. United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012); *United States v. Knox*, 287 F.3d 667, 670–71 (7th Cir.2002). We can infer as much from the absence of a Rule 51(b) response, but at all events an appellate challenge to the plea colloquy or the voluntariness of the plea would be futile because Martin waived any complaint by failing to object to the magistrate judge's report. Federal Rule of Criminal Procedure 59, which specifies the procedures for matters referred to magistrate judges, explicitly provides that a defendant waives his right to appellate review of a magistrate judge's proposed findings if no objection is made in the district court. *See* FED. R. CRIM. P. 59(b)(2); *Dupree v. Warden*, 715 F.3d 1295, 1305 n.4 (11th Cir. 2013); *United States v. Garcia-Sandobal*, 703 F.3d 1278, 1283 (11th Cir. 2013). And we have said in the context of 28 U.S.C. § 636 that a party waives the right to contest the factual and legal conclusions of a magistrate judge by failing to lodge objections with the district court, so long as, like Martin, the party knew the timeframe for filing objections and the consequences of inaction. *See, e.g., United States v. Hall*, 462 F.3d 684, 688 (7th Cir. 2006); *United States v. Hernandez-Rivas*, 348 F.3d 595, 598 (7th Cir. 2003). By remaining silent, therefore, Martin intentionally relinquished his right to object to the plea colloquy. What's more, Martin never moved to withdraw his guilty plea in the district court, so even if he could skirt the waiver arising from § 636 and Rule 59, he still would have to establish plain error. *See United States v. Vonn*, 535 U.S. 55, 59 (2002); *United States v. Ali*, 619 F.3d 713, 718–19 (7th Cir. 2010).

The absence of a possible challenge to Martin's guilty plea also means that his appeal waiver must be enforced. *See United States v. Kilcrease*, 665 F.3d 924, 929 (7th Cir. 2012); *United States v. Sakellarion*, 649 F.3d 634, 639 (7th Cir. 2011). That waiver is comprehensive, except for the one potential issue addressed by counsel: whether Martin could challenge the denial of his motion to suppress. We agree with counsel, however, that any challenge to the district court's ruling would be frivolous. The woman in the firearms store told Officer Rivera that she was buying ammunition for Martin, and Rivera knew that the type of ammunition she was trying to buy was uncommon,

especially for someone of her small stature, and had been used in recent shootings in the area. Given this information, Rivera had reasonable suspicion to approach Martin and investigate whether he legally could purchase the ammunition or was involved in the recent shootings. *See Terry v. Ohio*, 392 U.S. 1, 20–23 (1968); *United States v. Nunez-Sanchez*, 478 F.3d 663, 666–67 (5th Cir. 2007). And once Martin dropped the bag of marijuana just seconds into his encounter with the officer, there was probable cause for his arrest. *See United States v. Richardson*, 657 F.3d 521, 523 (7th Cir. 2011); *United States v. Kenerson*, 585 F.3d 389, 393 (7th Cir. 2009). Because it would be frivolous for Martin to argue that Rivera unlawfully investigated and arrested him, his fruits argument could not justify suppression of the guns. *See United States v. Slone*, 636 F.3d 845, 851 (7th Cir. 2011).

We GRANT counsel's motion to withdraw and DISMISS the appeal.