NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted October 27, 2014
Decided October 27, 2014

**Before**

WILLIAM J. BAUER, *Circuit Judge*

FRANK H. EASTERBROOK, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 14-1770

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> *Plaintiff–Appellee*, | Appeal from the United States District <br> Court for the Central District of Illinois. |
| *v.* | No. 12-20061-001 |
| PRENTICE A. TAYLOR, <br> *Defendant–Appellant*. | Michael P. McCuskey, <br> *Judge*. |

**O R D E R**

Within three months Prentice Taylor robbed a fast-food restaurant, a convenience store, and a bank. He personally brandished a gun during two of those robberies and supplied the gun his accomplice wielded during the third. Taylor was charged with two counts of obstructing commerce by robbery, 18 U.S.C. § 1951(a), one count of armed bank robbery, *id.* § 2113(a), (d), two counts of brandishing a firearm during a crime of violence, *id.* § 924(c)(1), and one count of possessing a firearm as a felon, *id.* § 922(g)(1). He faced a statutory minimum sentence totaling 47 years: 15 years for the § 922(g)(1) count because he is an armed career criminal, *see id.* § 924(e)(1), and

32 years (7 years plus 25 years, to run consecutively to any other sentence) on the two counts of brandishing a firearm, *see id.* § 924(c)(1)(A)(ii), (C)(i).

By consent Taylor pleaded guilty to all six counts before a magistrate judge, who recommended that the district court accept those pleas. *See* 28 U.S.C. § 636(b)(1)(B), (C); *United States v. Harden*, 758 F.3d 886, 891 (7th Cir. 2014). The magistrate judge's written recommendation warns that any objections must be filed within 14 days, but Taylor neither moved to withdraw his guilty pleas nor protested any of the magistrate judge's findings. The district judge accepted the guilty pleas and imposed a total sentence of 47 years and 8 months: the required 32 years for the § 924(c) counts, consecutive to a term of 188 months—the bottom of the guidelines range of 188 to 235 months calculated by the probation officer—for the remaining counts. Taylor filed a notice of appeal, but his appointed lawyer asserts that the appeal is frivolous and seeks to withdraw under *Anders v. California*, 386 U.S. 738, 744 (1967). Taylor opposes the motion. *See* CIR. R. 51(b). Counsel has submitted a brief that explains the nature of the case and addresses the issues that this kind of case might be expected to involve. Because the analysis in the brief appears to be thorough, we limit our review to the subjects discussed in counsel's brief plus Taylor's response. *See United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014); *United States v. Wagner*, 103 F.3d 551, 553 (7th Cir. 1996).

Counsel states in his *Anders* submission that Taylor does not wish to challenge any of his guilty pleas. Taylor disagrees with counsel's assertion, but this disagreement is immaterial because an appellate challenge to the plea colloquy or the voluntariness of the pleas would be futile. A defendant waives his right to appellate review of a magistrate judge's proposed findings under § 636 if no objection is made in the district court. *See* FED. R. CRIM. P. 59(b)(2); *United States v. Hall*, 462 F.3d 684, 688 (7th Cir. 2006); *United States v. Garcia-Sandobal*, 703 F.3d 1278, 1283 (11th Cir. 2013). Taylor knew the timeframe for filing objections and the consequences of doing nothing; thus, by failing to object he waived the right to contest the factual and legal conclusions of the magistrate judge. *See Hall*, 462 F.3d at 688; *United States v. Hernandez-Rivas*, 348 F.3d 595, 598 (7th Cir. 2003). Furthermore, Taylor never moved to withdraw his guilty pleas in the district court, so even if he could sidestep the waiver, he still would have to establish plain error. *See United States v. Vonn*, 535 U.S. 55, 59 (2002); *United States v. Ali*, 619 F.3d 713, 718–19 (7th Cir. 2010). In any event, though he asserts in his Rule 51(b) response that he wishes to challenge his pleas, he states that he intends to do so only on the ground of ineffective assistance of counsel. And a claim of ineffective assistance generally should be presented in a collateral action under 28 U.S.C. § 2255. *See Massaro*

*v. United States*, 538 U.S. 500, 504–05 (2003); *United States v. Flores*, 739 F.3d 337, 341 (7th Cir. 2014).

Counsel considers whether Taylor could argue that the consecutive minimum sentences mandated by § 924(c) are "grossly disproportionate" and violate the Eighth Amendment. We have rejected this contention previously and thus agree with counsel that it would be frivolous. *See United States v. Arrington*, 159 F.3d 1069, 1073 (7th Cir. 1998); *see also Ewing v. California*, 538 U.S. 11, 30–31 (2003) (concluding that prison term of 25 years to life under California's three-strikes law for repeat felon who stole three golf clubs worth $1,200 is "a rational legislative judgment, entitled to deference").

Counsel next concludes that it would be frivolous to argue that Taylor's statutory minimum sentences violate the Due Process Clause of the Fifth Amendment or the "separation of powers doctrine of the United States Constitution." Here, too, we agree with counsel. Although statutory minimums limit a district court's discretion, this limitation does not violate due process. *See Chapman v. United States*, 500 U.S. 453, 467 (1991) ("Congress has the power to define criminal punishments without giving the courts any sentencing discretion."). Likewise, an argument based on the separation of powers would be frivolous, as we have rejected that theory repeatedly. *See United States v. Nigg*, 667 F.3d 929, 934 (7th Cir. 2012); *United States v. Brucker*, 646 F.3d 1012, 1019 (7th Cir. 2011).

One matter remains that counsel has overlooked. Throughout his *Anders* submission, counsel implies that Taylor was sentenced to a total of 47 years' imprisonment, the minimum under the statutory scheme. That understanding is incorrect. The district court did impose the statutory minimum terms of 7 and 25 years on the § 924(c) counts. *See* 18 U.S.C. § 924(c)(1)(A)(ii), (C)(i). But the 188-month term imposed on the § 922(g)(1) count—though at the bottom of Taylor's *guidelines* range—is 8 months longer than the 15-year statutory minimum for an armed career criminal. *See id.* § 924(e)(1). The transcript of the sentencing hearing makes clear that the district judge thought he was imposing the shortest possible period of imprisonment, which he described as "greater than necessary" but "statutorily required by Congress and Seventh Circuit decisions." A 25-year term, the judge opined, would have been sufficient.

Nonetheless, an appellate challenge to the 8-month difference would be frivolous. Taylor knew that the district court thought that 25 years would suffice, yet he did not protest when the district court sentenced him to 188 months on the § 922(g)(1)

count. That silence is not surprising, since there is no practical difference between the 47 years mandated by statute and the 47 years plus 8 months that the court imposed. Taylor was 58 at the time of sentencing; allowing fully for good-time credits, the unintended 8 months will make no difference unless he lives to be 98—roughly 20 years beyond his life expectancy. *See* U.S. CENSUS BUREAU, *Table 107. Expectation of Life and Expected Deaths by Race, Sex, and Age: 2008* (2012), *available at* http://www.census.gov/ compendia/statab/2012/tables/12s0107.pdf (last visited Oct. 11, 2014). Thus, we would not find that Taylor was prejudiced by the judge's mistake.

Counsel's motion to withdraw is **GRANTED**, and the appeal is **DISMISSED**.