NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted December 12, 2016[*]
Decided December 13, 2016

**Before**

MICHAEL S. KANNE, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 15-2340

| | |
|---|---|
| ROBIN SMITH, *Plaintiff-Appellant,* | Appeal from the United States District Court for the Southern District of Illinois. |
| *v.* | No. 13-cv-220-SMY-PMF |
| JACQUELINE LASHBROOK, et al., *Defendants-Appellees.* | Staci M. Yandle, *Judge.* |

**O R D E R**

Robin Smith, an Illinois inmate, challenges the dismissal at summary judgment of his suit under 42 U.S.C. § 1983 claiming that the defendants deliberately failed to treat his digestive ailments. We affirm the judgment.

Smith's claim under the Eighth Amendment arises from his incarceration at Pickneyville Correctional Center. He alleged that the defendants had ignored his painful constipation, bloating, and gas, which he attributed to consuming large amounts of soy protein as part of his regular prison diet. According to the complaint,

---

[*] We have unanimously agreed to decide the case without oral argument because the issues have been authoritatively decided. FED. R. APP. P. 34(a)(2)(B).

Smith's digestive problems had persisted even after he was prescribed laxatives, antacids, and a stool softener. At screening, *see* 28 U.S.C. § 1915A, the district court allowed the suit to proceed against the warden, the healthcare administrator, a doctor, and the prison's dietary manager.

Smith submitted medical records from the months after he filed his complaint. Those records include an X-ray that was normal except for a moderate amount of stool throughout the colon and a blood test showing high levels of H. Pylori[1] antibodies and the enzyme amylase. He was given antibiotics and an acid reducer. Smith also submitted earlier records showing that he was seen by an outside physician in 2011 for a CT scan after he had complained of abdominal pains, constipation, and weight loss. The scan confirmed a significant amount of stool in Smith's colon but no blockage, and the physician opined that Smith's organs appeared normal.

The four defendants moved for summary judgment. The doctor argued that Smith lacks evidence supporting his belief that eating soy caused his digestive problems, a point that Smith himself had conceded when deposed. The doctor also submitted an affidavit attesting that he was unaware of any connection between Smith's soy diet and his digestive ailments and that Smith had received appropriate medical care for those ailments. That medical care included bloodwork, testing for a soy allergy, a urinalysis, the abdominal X-ray, and the CT scan. And, the doctor added, he had wanted to conduct a rectal exam to investigate other potential causes of Smith's problems, but Smith refused repeatedly. In his affidavit the doctor opined that Smith's stomach problems could be caused by other medications he was taking or by his erratic eating patterns. The remaining defendants asserted that they had deferred to the doctor's conclusions that Smith's soy diet was not the source of his ailments, and that he was receiving appropriate medical care.

Smith filed five motions seeking additional time to oppose summary judgment, giving as reasons that he had been moved to a different prison, was in segregation, or was being denied access to his legal documents and the opportunity to perform legal research. A magistrate judge granted the first four motions but concluded that Smith

---

[1] H. Pylori is a common collection of bacteria that resides in the digestive system and can cause irritation or peptic ulcers. *Helicobacter Pylori and Pepric Ulcer Disease, Center for Disease Control & Prevention*, http://www.cdc.gov/ulcer/keytocure.htm (visited Nov. 22, 2016).

had been given enough time to oppose summary judgment and thus denied the fifth request. Smith did not ask the district court to review that ruling.

One week later, without a response from Smith, the district court granted summary judgment for the defendants. The court noted:

> Considering all circumstances, including the length of time this case has been pending, the documents on file (containing discussions of the applicable legal standard as well as Smith's medical records), Smith's personal knowledge of relevant facts, and Smith's filings, the Court is satisfied that Smith received an adequate time to collect information and prepare and file his response.

The court concluded that a jury could not reasonably find from the evidence that the defendants had ignored Smith's health issues, or that the treatment he received had been blatantly inappropriate.

On appeal Smith first maintains that he needed more time to oppose summary judgment. But he did not ask the district judge to reconsider the magistrate judge's denial of his fifth motion for continuance, so this argument is waived. *See* 28 U.S.C. § 636(b)(1)(A); *Hunt v. DaVita, Inc.*, 680 F.3d 775, 780 n.1 (7th Cir. 2012); *United States v. Hernandez-Rivas*, 348 F.3d 595, 598 (7th Cir. 2003). And waiver aside, even if it would have been preferable for the magistrate judge to address Smith's asserted reason for wanting another extension—that he could not access his research materials—we cannot see how the ruling prejudiced Smith. *See Bielskis v. Louisville Ladder, Inc.*, 663 F.3d 887, 897 (7th Cir. 2011) (noting that denial of continuance, even if unreasonable, will not be overturned unless prejudice resulted). Smith's medical records and his grievances about the soy diet and medical care were included with his complaint and other submissions, and the district court discussed these documents before granting summary judgment. Smith does not contest the court's recitation of the undisputed evidence or identify any additional evidence that was in his possession and that, with more time, could have been brought to the court's attention. Neither does Smith suggest that denying a fifth continuance prevented him from developing additional evidence—a contention that, in any event, would be waived by his failure to comply with Federal Rule of Civil Procedure 56(d) when asking for more time to oppose summary judgment. *See Kallal v. CIBA Vision Corp.*, 779 F.3d 443, 446 (7th Cir. 2015) (noting that opponent's failure to submit affidavit explaining purported need for additional discovery justifies district court in refusing to defer ruling on motion for summary judgment); *King v. Cooke*, 26 F.3d 720, 726 (7th Cir. 1994) (same).

Second, Smith argues that his own suspicions about his unresolved digestive ailments are enough to establish deliberate indifference. In the district court Smith speculated about the amount of soy in his diet and its effect on his digestive system, but he did not offer evidence to support either proposition. Smith is not qualified to self-diagnose his ailments, and guesswork could not forestall summary judgment. *See Widmar v. Sun Chem. Corp.*, 772 F.3d 457, 460 (7th Cir. 2014); *Naficy v. Ill. Dep't of Human Servs.*, 697 F.3d 504, 513 (7th Cir. 2012).

Viewing the record in the light most favorable to Smith and drawing all inferences in his favor, *see Petties v. Carter*, 836 F.3d 722, 727 (7th Cir. 2016) (en banc), we agree with the district court that a jury could not reasonably find deliberate indifference to Smith's medical needs. Smith's digestive issues were investigated, and that investigation did not substantiate his speculation that soy in his diet was the cause. Smith was treated with laxatives, antacids, a stool softener, and antibiotics, all of which were adjusted in response to his complaints. This constant, ongoing assessment of Smith's condition was the opposite of deliberate indifference. *See McGee v. Adams*, 721 F.3d 474, 482 (7th Cir. 2013).

Although Smith did not receive the soy-free diet he demanded, prisoners are not entitled to dictate the terms of their care. *Arnett v. Webster*, 658 F.3d 742, 754 (7th Cir. 2011). And nothing suggests that the treatment Smith received departed from accepted medical judgment, practice, or standards. *See Holloway v. Delaware Cnty. Sheriff*, 700 F.3d 1063, 1073 (7th Cir. 2012).

AFFIRMED.